[No. 10,634.—Department One.]
June 15, 1881.

## THE PEOPLE *v.* THOMAS FLANAGAN.

SELF-DEFENSE — MURDER — INSTRUCTIONS. — Upon a trial for murder the Court instructed the jury as follows: To justify the commission of a homicide upon the ground that it was necessary in defense of one's property, it must be made to appear by a preponderance of the testimony that the person killed was manifestly endeavoring *and* intending to commit a felony. A bare trespass upon property does not justify or excuse a homicide. *Held:* The instruction was erroneous.

ID.—ID.—ID.—Every person has a legal right, in defense of his property, to prevent the commission of a felony; and is entitled to use whatever

force may be necessary—even to the extent of taking the life of a felonious aggressor.

In such a case the justification is not made to depend upon a combination of intent *and* endeavor to commit a felony, as erroneously stated in the instruction; either will be sufficient to justify resistance for prevention.

Id.—Id.—Id.—Apparent Necessity.—If from all the evidence in the case the jury should find that the circumstances were such as to excite the fears of a reasonable man, and that the defendant, acting under the influence of such fears, killed the aggressor to prevent the commission of a felony upon his person or property, he would not be criminally responsible for his death.

Id.—Id.—Id.—Burden of Proof—Reasonable Doubt.—The instruction was erroneous also, because it tended to deprive the defendant of the doctrine of reasonable doubt. It is a cardinal rule in criminal prosecutions that the burden of proof rests upon the prosecutor, and that if, upon the whole evidence, including that of the defense as well as that of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt.

Appeal from a judgment of conviction and from an order denying a new trial in the Superior Court of Butte County. Hundley, J.

*Jo Hamilton & A. F. Jones,* for Appellant.

*John Gale, District Attorney,* for Respondent.

McKee, J.:

From a judgment of conviction of murder comes this appeal by the defendant, upon a transcript on appeal which contains only the judgment and charge of the Court.

At the request of the District Attorney the Court below instructed the jury as follows: " To justify the commission of a homicide upon the ground that it was necessary in defense of one's property, it must be made to appear, by a preponderance of the testimony, that the person killed was manifestly endeavoring *and* intending to commit a felony. A bare trespass upon property does not justify or excuse a homicide." This instruction, we think, was erroneous.

It is undoubtedly true, as a legal proposition, that human life can not be taken to prevent a mere trespass upon property. But it is equally true that every person has a legal right, in defense of his property, to prevent the commission of a felony. For the purposes of defense and prevention every one is entitled to use whatever force may be neces-

sary—even to the extent of taking the life of a felonious aggressor (*People* v. *Payne,* 8 Cal. 341), and a homicide committed under such circumstances is justifiable in law. "Homicide," says the Penal Code, "is justifiable when committed by any person in defense of person or property, against one who manifestly intends or endeavors by violence or surprise to commit a felony." (Subd. 2, § 297, Pen. C.) In such a case the justification is not made to depend upon a combination of intent *and* endeavor to commit a felony as erroneously stated to the jury. Either an intent or endeavor to execute such a design will be sufficient to justify resistance for prevention, in defense of person or property. The law of self-defense is a law of necessity; and that necessity must be real or apparently real. A party acting under it may act upon appearances; and he will be justifiable in acting upon them, even though they turn out to have been false. Whether they were real or apparently real is for the jury, in a criminal case, to decide upon all the circumstances out of which the necessity springs. If from all the evidence in the case they should find that the circumstances were such as to excite the fears of a reasonable man, and that the defendant, acting under the influence of such fears, killed the aggressor to prevent the commission of a felony upon his person or property, he would not be criminally responsible for his death, although the circumstances might be insufficient to prove, by a preponderance of the evidence, that the aggressor was actually about to commit a felony.

To justify the defendant in this case it was not, therefore, necessary for him to prove by a preponderance of evidence that the deceased was actually about to commit a felony upon him. It was sufficient if such a design was made to appear from all the circumstances attending the killing. The instruction as given was therefore erroneous, not only because it tended to deprive the defendant of the benefit of the doctrine of appearances, but also because it tended to deprive him of the doctrine of reasonable doubt.

In substance the jury were told that unless they found that the justification, upon which the defendant relied, was made to appear by a preponderance of the evidence, they must convict. But the testimony may have fallen short of such proof,

and yet have been sufficient in itself, or in connection with the evidence of the prosecution, to create a reasonable doubt of the defendant's guilt, to the benefit of which the defendant was entitled in law. "It is a cardinal rule in criminal prosecutions," says Mr. Justice Rapallo, in *Stokes* v. *The People*, 53 N. Y. 181, "that the burden of proof rests upon the prosecutor, and that if upon the whole evidence, including that of the defense, as well as of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt. The jury must be satisfied on the whole evidence of the guilt of the accused; and it is clear error to charge them when the prosecution has made out a *prima facie* case, and evidence has been introduced tending to show a defense, that they must convict unless they are satisfied of the truth of the defense. Such a charge throws the burden of proof upon the prisoner, and subjects him to a conviction, though the evidence on his part may have created a reasonable doubt in the minds of the jury as to his guilt. Instead of leaving it to them to determine upon the whole evidence, whether his guilt is established beyond a reasonable doubt, it constrains them to convict, unless they are satisfied that he has proved his innocence."

Judgment and order denying a new trial reversed, and cause remanded for a new trial.

Ross and McKinstry, JJ., concurred.