[No. 20262.   In Bank.—February 17, 1887.]

## THE PEOPLE, RESPONDENT, *v.* HENRY C. MARKS, APPELLANT.

CRIMINAL LAW — EMBEZZLEMENT — PROOF OF VENUE — INSTRUCTIONS. — In a prosecution for embezzlement, the failure of the court to instruct the jury of its own motion to acquit, if the venue as laid in the indictment is not proven, cannot be taken advantage of by the defendant, unless he requested an instruction to that effect.

ID. — BILL OF EXCEPTIONS — INSTRUCTIONS GIVEN BY COURT OF ITS OWN MOTION — PRESUMPTION. — Where the only instructions contained in the bill of exceptions were given by the court of its own motion, and the bill recites that they were "all the law so given," it will not be presumed that the court did not give other instructions at the request of parties.

ID. — ERROR MUST AFFIRMATIVELY APPEAR IN BILL OF EXCEPTIONS. — Where the bill of exceptions fails to affirmatively show that the venue as laid down in the indictment was not proven at the trial, an objection on that ground will not be considered on appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Charles B. Darwin*, for Appellant.

*Attorney-General Johnson*, for Respondent.

FOOTE, C.—The defendant was tried and convicted of the crime of embezzlement.

He appeals from the judgment rendered therein, and from an order denying him a new trial.   He contends

that the charge of the court, given on its *own motion* to the jury, does not declare to them that in order to convict him as charged in the indictment, they must believe from the evidence that the crime so alleged against him was committed in the city and county of San Francisco, and that such omission on the part of the court constituted a reversible error.

The bill of exceptions presented by the defendant does not show that he or his counsel for him requested the court to instruct the jury that if the venue was not proven, they should acquit; therefore the omission of that tribunal so to charge of its *own motion* cannot be taken advantage of by one who failed to exercise the privilege which he had of requesting an instruction or instructions on his behalf, to be given to the jury, upon the point in question. The charge of the court which is before us was given to the jury "of its own motion, and was all the law *so* given in the action." (Transcript, page 16.)

We cannot say, therefore, that the court did not give other instructions for the people, or the defendant, in relation to the necessity for the proof of venue as laid in the indictment.

The bill of exceptions states simply what the evidence of the principal witness for the people and that of the defendant tended to show as to the commission of an embezzlement of money; it does not show or pretend to do so that there was or not any evidence relative to the venue, nor is it anywhere made apparant that the above stated was *all* the evidence given on that or any other point in the case.

There is nothing whatever to make it appear affirmatively that the venue was *not proved.*

To obtain a reversal of a judgment of conviction, the defendant must show error affirmatively, and all omissions and uncertainties, in a bill of exceptions presented by him are to be construed against him. (*People* v. *Williams,* 45 Cal. 27.)

No prejudicial error is apparent from the record, and the judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.