[No. 20384.  In Bank. — September 24, 1888.]

THE PEOPLE, RESPONDENT, v. LEONG SING, APPELLANT.

CRIMINAL LAW — HOMICIDE — IDENTITY OF DECEASED — NAME — BILL OF EXCEPTIONS — PRESUMPTION ON APPEAL. — Error must be made affirmatively to appear; and it will be presumed on appeal in favor of the correctness of the verdict and judgment, when the bill of exceptions does not purport to contain all the evidence, nor show that there was no evidence that two names which appear in the record, as applied to the murdered man, were both borne by the same person, that the jury had before them evidence of his identity, and that he was equally well known by both names.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*James F. Smith,* and *Smith & Murasky,* for Appellant.

*Attorney-General Johnson,* and *Thomas D. Riordan,* for Respondent.

FOOTE, C. — The defendant was convicted of murder in the first degree; from the judgment rendered against him and an order denying a new trial, he has appealed.

The most important point made by counsel for the reversal of the judgment is, as alleged, that the evidence in the record shows conclusively, without any conflict whatever, that the defendant did not kill and murder one *Leong Chin,* as charged in the information, but that if he killed and murdered any human being it was one *Leong Chung,* whose name is not mentioned or referred to in any way in the information or record, so as to be identified as the same person as Leong Chin.

Of course if it affirmatively appeared from the record that the defendant was charged with the murder of one

man and the proof showed that he had murdered another, the defendant could not be there punished, as there he would have been tried for an offense of which the proof showed him not to be guilty.

But it seems to us in this case that, even admitting that the information charges the murder of Leong Chin, and the proof, so far as it appears in the bill of exceptions, shows the murder of Leong Chung by the defendant, yet he might still have been lawfully convicted of the offense charged in the information. The bill of exceptions nowhere states that the evidence therein set forth *is all the evidence* which was had at the trial.

And it will be presumed in favor of the correctness of the verdict and judgment, in the absence of any evidence to the contrary in the record, that the jury had before them evidence that Leong Chin and Leong Chung were identical; that the man killed and murdered had two names, by either of which he was equally well known.

It has been heretofore held by the supreme court in a case where a defendant was charged with the larceny of the property of one Sang Hop that proof showing his personal name to be Yup Chin, and his business name Sang Hop, was sufficient to uphold a verdict of guilty of the offense charged. (*People* v. *Leong Quong,* 60 Cal. 107.)

Further, it has been said that where the bill of exceptions prepared by the defendant does not affirmatively show that the *venue* was not proven on the trial, this court will presume that it was proven, and refuse to reverse the judgment. (*People* v. *Marks,* 72 Cal. 46.)

In the case of *People* v. *Huff,* 72 Cal. 118, the defendant claimed a reversal of the judgment, because, as he alleged, the record did not show affirmatively that the judge was present at a view by the jury of the premises where the offense charged was committed. The appellate court held that it was incumbent upon the defendant to show affirmatively that the judge was *not* present at

the view, and that the record being silent as to the matter, it would be presumed he was present.

If the venue is *not* proven, and it affirmatively appears from the bill of exceptions that it was not, of course the defendant could not be legally adjudged guilty. So here, if it affirmatively appeared that the defendant had *not* killed Leong Chin, but had killed some one else, the verdict and judgment could not stand. But the question arises, Are we permitted to say from the record here that there was no evidence before the jury which made it evident that Leong Chin and Leong Chung were identical, and the person murdered was called both Leong Chin and Leong Chung? We cannot say that there may *not* have been evidence of this sort which established the fact that Leong Chin was Leong Chung, and that the defendant was proved to have killed and murdered that person as charged in the information, because the bill of exceptions does not purport to contain *all* the evidence adduced on the trial. (*People* v. *Marks*, 72 Cal. 47.) There is nothing in the record which shows affirmatively that Leong Chin was not identically the same person as Leong Chung.

The fact that there may have been omitted from the bill of exceptions proof which showed that the murdered man was called by both names, should not avail the defendant, who did not on his trial in the court below raise the point of variance between the proof and the allegations of the information, to obtain a reversal here. To do that he should show error affirmatively,—should show that there was *no evidence* that the two names were both borne by the murdered man, as all omissions and uncertainties in a bill of exceptions preferred by him are to be construed against him. (*People* v. *Williams*, 45 Cal. 27.)

The other points made by counsel for the appellant do not require discussion,— there is no merit in them under the record before us.

No prejudicial error appearing, we advise that the judgment and order be affirmed.

BELCHER, C. C., concurred.

HAYNE, C., concurred in the conclusion.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.