[No. 20543.   In Bank.—November 23, 1889.]

THE PEOPLE, RESPONDENT, v. A. P. TONIELLI, APPELLANT.

CRIMINAL LAW—ATTEMPT TO EXTORT MONEY BY THREATENING LETTER. — An information charging the crime of extortion, committed by sending a threatening letter, set forth in the information, with intent feloniously to extort money from the person addressed, which letter expresses and implies, and is well adapted to imply, a threat to impute disgrace to such person, and to expose facts alleged to have been ascertained to prove damaging charges published against the character of such person, if money is not paid to conceal the proof, states an offense within the provision of section 523 of the Penal Code, which is punishable as a felony.

ID. — EVIDENCE — PROOF OF VENUE — RECORD ON APPEAL. — When the record on appeal shows that the trial took place in the city and county of San Francisco, and that the threatening letter was post-marked San Francisco, and was received in San Francisco, the venue is sufficiently proved.   Moreover, the objection could not be considered upon appeal, if the record does not state that it contains all the evidence, or that the venue was not proved, as error must be shown affirmatively.

ID. —IMMATERIAL VARIANCE. — A variance between the information and the proof as to the contents of the threatening letter, which does not in any way alter the sense of the letter as expressing or implying a threat to impute disgrace, and to expose it if money is not paid to the writer, is immaterial, and should be disregarded.

ID. — EVIDENCE — ADMISSIBILITY OF NEWSPAPER ARTICLE. — A newspaper article published against the character of the person addressed, and which is referred to in the threatening letter, is admissible as tending to explain the reason, motive, and object of the writer of the letter.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Ash & Mathews,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.—The defendant was convicted of an attempt to extort money by means of a threatening letter. From the judgment rendered in the premises, and from an order denying his motion for a new trial, he appeals.

One ground of alleged error is the insufficiency of the information as against a demurrer interposed thereto. The part of the pleading attacked material to this controversy reads:—

"In the superior court of the city and county of San Francisco, state of California, the nineteenth day of September, A. D. 1888, A. P. Tonielli, *alias* Tonielli, is accused by the district attorney by this information of the crime of felony, to wit, extortion, committed as follows: The said A. P. Tonielli, *alias* Tonielli, on the third day of August, A. D. 1888, at the said city and county of San Francisco, with intent feloniously to extort money and property from one Edward Larcher, did then and there willfully, unlawfully, and feloniously send to said Edward Larcher a certain letter and writing, did express and imply, and was adapted to imply, a threat to impute to the said Edward Larcher disgrace, and to expose the same, which said letter and writing was then and there in the words and figures following, to wit:—

"CITY, Aug. 3, 1888.

"E. LARCHER, City.

"*Dear Sir,*—Having been asked by Mr. Deshayes of Le Bayard to find facts that might serve as proofs of what he asserted in his paper against you, I was to find

out these facts, and I have found all, whilst he was naturally to pay me. But before I reveal anything, I wish to let you know that if you give me three hundred dollars I will not only say nothing, but also frustrate all their efforts in finding anything should they employ —— detective. I want one hundred dollars at once, and balance when the case comes out. I guarantee that if I keep silent they will lose the case, and you get your twenty thousand dollars. Answer must come before to-night. Address 721½ Bush Street.

"Yours truly,     A. P. TONIELLI."

—— contrary to the form, force, and effect of the statute," etc.

Extortion is defined by the Penal Code as follows:——

"SEC. 518. Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right.

"SEC. 519. Fear, such as will constitute extortion, may be induced by a threat, either,——

"1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or,

"2. To accuse him, or any relative of his, or member of his family, of any crime; or,

"3. To expose or impute to him or them any deformity or disgrace; or,

"4. To expose any secret affecting him or them."

The appellant claims that the information does not contain facts sufficient to constitute the offense charged.

The defendant is specifically charged in the information with sending a letter to E. Larcher, which expressed and implied, and was adapted to imply, a threat to impute to him disgrace and to expose the same (which letter, as set out in the pleading, purports to have been subscribed by the defendant), and was so sent as charged, with the felonious intent to extort money from Larcher. The defendant was convicted as charged under section

523 of the Penal Code, which is: "Every person who, with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in section 519, is punishable in the same manner as if such money or property were actually obtained by means of such threat."

As we view it, the letter claims that the writer has found out *all* the facts charged against Larcher in a paper called Le Bayard, for obtaining and communicating which the former was to receive pay from one Deshayes, who published the charges against Larcher; that, being possessed of all this knowledge damaging to Larcher's character, before informing Deshayes, his employer, he wishes to get money from Larcher, and then he will not only refrain from revealing what he knows to Larcher's antagonists, but will frustrate their attempts to find out these facts, if a detective be employed to do it. The guaranty being further made, that if Tonielli keeps silent the other side will lose its case, and that Larcher will get twenty thousand dollars that he has sued for. But an answer *must come* before night to a certain place on Bush Street.

It is clear to the ordinary mind that Tonielli intended to declare, and did virtually declare, to Larcher: "I have found out the truth of all the charges made against you in a certain newspaper publication in Le Bayard. I can get paid for this information from the newspaper man who employed me to ferret it out, and if I do, you will suffer disgrace. But I will not reveal what I know, if you will pay me three hundred dollars not to do it. But if you don't let me know by to-night that you will pay me, I will tell all I know against you, as charged in the paper."

This kind of a letter expresses, implies, and is well adapted to imply, a threat to impute disgrace to Larcher,

and to expose it, if money is not paid to prevent it. And this brings the information within the statute *supra*, and of the Penal Code, section 960.

Extortion, and the attempt to do so as charged, are made felonies. (Pen. Code, secs. 519, 520–523.)

It is further claimed that the venue was not proven. The record shows that the trial took place in the city and county of San Francisco, state of California, and nowhere in the record is it even remotely intimated that the letter was sent or received anywhere else than in said city and county and state. It is in evidence by a witness that it was received in San Francisco; that the envelope was post-marked there.

It was said in *People* v. *Manning*, 48 Cal. 338: "Another point made by the appellant is, that the venue was not proved. No witness testified in so many words that the killing occurred in the city and county of San Francisco. But the whole testimony, taken together, left no room for a reasonable doubt on this point. We think the venue was sufficiently proved." The same rule may be applied to the case in hand. Beside, the record does not affirmatively show that it contains *all* the evidence given on the trial, or that the venue was *not proved*, hence no objection on that ground can be heard on appeal. The defendant must show error affirmatively. (*People* v. *Huff*, 72 Cal. 117; *People* v. *Marks*, 72 Cal. 46, 47, and cases cited; *People* v. *Leong Sing*, 77 Cal. 119; *People* v. *Carroll*, 80 Cal. 153.)

The variance claimed between the allegations of the information and the proof on the trial is, that the letter, as set out in the pleading, has a blank space between the words "employ" and "detective," while the letter introduced in evidence has the word "another" filling the blank space.

We do not perceive the materiality of the variance. It does not in any way alter the sense of the letter as expressing or implying a threat to impute disgrace to

Larcher, and to expose it, if money is not paid to the writter by Larcher. The variance, being immaterial, should be so regarded. (*People* v. *Hughes*, 41 Cal. 236.)

It is further urged, on behalf of the appellant, that the newspaper article, as translated for the people, was inadmissible. We do not so regard it. It tended to explain the reason, motive, and object of the writer of the letter, which referred to the article. Again, the appellant suffered no injury; for he introduced the same article in evidence, translated, with but slight and immaterial difference.

Upon the whole case we perceive no prejudicial error, and advise the affirmance of the judgment and order.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.