[No. 20712.    Department Two. — March 2, 1891.]

THE PEOPLE, RESPONDENT, *v.* JAMES BARTON, APPELLANT.

CRIMINAL LAW — TIME FOR PRONOUNCING JUDGMENT — APPEAL — OBJECTION FOR FIRST TIME. — The fact that the time appointed for pronouncing judgment was not at least two days after the verdict is not ground for reversal of the judgment, if the defendant made no objection to the action of the trial court.

ID. — ORAL CHARGE — SHORTHAND REPORTER — PRESUMPTION UPON APPEAL. — It will be presumed upon appeal that the oral charge of the court was taken down by the shorthand reporter, if the contrary does not appear in the record.    The defendant must show error affirmatively.

ID. — SENTENCE — FORMALITIES — PRESUMPTION UPON APPEAL. — It will also be presumed, that before judgment was pronounced the defendant was informed, as he should have been, of the nature of the charge against him, of his plea, and of the verdict, although the record does not disclose that these formalities were complied with, if it does not show the contrary.

ID. — BURGLARY — PRIOR CONVICTION OF LARCENY — CONFESSION — JUDGMENT. — Where upon a charge of burglary a prior conviction of larceny is

voluntarily confessed, and the jury then passes only upon the charge of burglary, and the judgment follows the verdict and confession of the defendant, it is in all respects regular, and if no error affirmatively appears in the record, the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

*Attorney-General Johnson*, and *J. D. Page*, for Respondent.

FOOTE, C. — The defendant was convicted by the jury which tried him of burglary in the first degree. He pleaded not guilty as to that charge, but admitted prior conviction of grand larceny as charged in the information.

The notice of appeal states that the appeal is taken from the judgment, from an order denying a motion in arrest of judgment, and from an order denying a motion for a new trial. But it nowhere appears that any such motions were ever made or acted upon.

There is no bill of exceptions in the record.

The first point made for a reversal of the judgment is, that the time appointed for pronouncing it was not at least two days after verdict, and is therefore in violation of section 1191 of the Penal Code.

The defendant seems to have made no objection at any time to this action of the trial court, and under the decision of the appellate court in *People* v. *Mess*, 65 Cal. 174, the point made is without merit.

It is further claimed that, the offense being a felony, error is shown upon the minutes of the court, in that it is there stated that the charge to the jury was given orally. It is true that subdivision 6 of section 1093 of the Penal Code requires that where the charge in such a case is not given in writing, it must be taken down by the

phonographic reporter.   But it is not made to appear here that it was not so taken down, and the presumption must be that it was.   The defendant must show error affirmatively.   (*People* v. *Tonielli*, 81 Cal. 279; *People* v. *Carroll*, 80 Cal. 153; *People* v. *Marks*, 72 Cal. 46; *People* v. *Huff*, 72 Cal. 117; *People* v. *Leong Sing*, 77 Cal. 119; *People* v. *Cline*, 83 Cal. 377.)

It is said that the judgment was illegally pronounced, because it does not appear from the judgment roll that the defendant was informed, as he should have been, under section 1200 of the Penal Code, by the court, or under its direction, of the nature of the charge against him, or of his plea, or of the verdict.   Conceding that it appears to have been held in *People* v. *Murback*, 64 Cal. 372, that these preliminary statements are necessary, and that they form no part of the judgment pronounced, yet it does not appear in the record that such statements were not made, and the presumption must be indulged that they were, unless the appellant has shown to the contrary, which he has not done.

The prior conviction of larceny was confessed by the defendant.   The jury then passed only upon the charge of burglary.   "The judgment follows the verdict and confession of the defendant, and is in all respects regular," as we think.   (*Ex parte Young Ah Gow*, 73 Cal. 442.)   The admission of prior conviction of larceny here is not shown to have been brought out by any question of the court, but appears, so far as the record shows, to have been voluntarily made when the defendant was called on to plead.   As before said, it is for the appellant who claims error to show it.

We perceive no prejudicial error, and advise that the judgment be affirmed.

Belcher, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.