[No. 20773.   Department Two. — June 22, 1891.]

THE PEOPLE, RESPONDENT, *v.* JOHN DOLLOR, APPELLANT.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — SELF-DEFENSE — APPARENT NECESSITY — INSTRUCTION. — Upon the trial of one accused of an assault with a deadly weapon, an instruction to the jury, upon the subject of self-defense, that if they find from the evidence that the defendant did make any assault with a deadly weapon, and that he did it not in self-defense, they should find him guilty, but that if they find that he made the assault in necessary self-defense, in order to prevent the party he was accused to have assaulted from committing a violent assault upon him, then he is not guilty, does not exclude the consideration of apparent necessity; and if the evidence does not disclose any question as between real and apparent danger, and no specific instruction is requested as to apparent necessity, the instruction given is not ground for reversal.

ID. — "NECESSARY SELF-DEFENSE" — REASONABLE APPREHENSION OF DANGER. — "Necessary self-defense" sufficient to excuse a man for committing an assault includes every case where there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and where the circumstances are sufficient to excite the fears of a reasonable man.

ID. — STRIKING OUT ANSWER PREVIOUSLY GIVEN WITHOUT OBJECTION — IMMATERIAL ERROR. — The refusal of the court to strike out an answer of a witness for the prosecution, on his redirect examination, that he had known the defendant "since he was at San Quentin," is not a material error, where the witness had said the same thing on his cross-examination by the defendant's counsel, without any objection being made to it.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

LXXXIX. CAL.—33

*J. A. Cooper*, for Appellant.

The instruction given upon the question of self-defense is erroneous, as it entirely ignores the doctrine of "apparent necessity." (1 Wharton's Crim. Law, secs. 488, 489; *People* v. *Anderson*, 44 Cal. 69; *People* v. *Gonzales*, 71 Cal. 577; *People* v. *Flanagan*, 60 Cal. 2; 44 Am. Rep. 52.) It was error for the court to refuse to strike out the answer of the witness who said he had known the defendant since he went to San Quentin, as a defendant on cross-examination cannot be asked as to other crimes or offenses. (*People* v. *Bishop*, 81 Cal. 113; *People* v. *Methvin*, 53 Cal. 68; *People* v. *Sansome*, 84 Cal. 451.)

*Attorney-General Hart*, for Respondent.

Defendant did not ask for special instructions on apparent necessity, as he could have done, and he thereby waived his right. (*People* v. *Marks*, 72 Cal. 46; *People* v. *Flynn*, 73 Cal. 511; *People* v. *Olsen*, 80 Cal. 122.) The instruction could not have prejudiced the defendant. The mere omission to charge with respect to apparent necessity is not error. (*People* v. *Angeles*, 61 Cal. 191. See *People* v. *Morine*, 61 Cal. 369.) The ruling of the court on the motion to strike out the evidence was correct, as the defendant had already elicited the same evidence, and he interposed no objection to the question. (See *People* v. *Carlton*, Unreported Cases, 66 Cal., p. xviii.) Defendant could not have been prejudiced by the evidence. (Code Civ. Proc., sec. 2051.)

McFARLAND, J.—The appellant was convicted of an assault with a deadly weapon; and the main point upon which he relies for a reversal is the omission of the court to charge the jury fully enough on the subject of self-defense.

Neither party asked any instruction upon any subject. The charge of the court given on its own motion was brief, and what is contained on the subject of self-defense

was as follows: " Now, if you find from the evidence that this party did make any assault with a knife, and you find that knife to be a deadly weapon, and he did it not in necessary self-defense, it is your duty to find him guilty as charged. If you find that he made the assault, and that he did it in necessary self-defense, in order to prevent this Dan Olie from committing a violent assault upon him, then he is not guilty."

At the conclusion of the charge, the court, turning to counsel, said: " Anything further than that?" Counsel made no answer.

The point made by appellant is, that the charge ignored the doctrine of "apparent necessity," and excluded the jury from considering that defendant, as a reasonable man, might have believed himself in danger, although as a matter of fact there was no real danger. But it is not true that the charge of the court *excludes* the consideration of apparent necessity. "Necessary self-defense," as explained in the text-books, as defined in our Penal Code, and, indeed, as generally understood by laymen as well as by lawyers, *includes* every case where "there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury," and where the circumstances are " sufficient to excite the fears of a reasonable man." If a defendant were charged with injuring or killing a man who was apparently about to shoot him, no jury would convict because it turned out afterwards that the fire-arm used was not loaded,—whether the court instructed on the subject or not. The cases cited by appellant's counsel are not in point. They were cases where the express language of the instructions excluded the doctrine of apparent necessity. In the main case relied on (*People* v. *Anderson,* 44 Cal. 65), the trial court, in defining self-defense to the jury, told them that the right "cannot be exercised in any case, or to any extent not necessary. The party making the defense is permitted to use no instrument

and no power beyond what will prove simply effectual."
And on appeal this court held that "*this definition* excludes
all that class of cases," etc. In *People* v. *Flanagan*, 60
Cal. 2, 44 Am. Rep. 52, in the instruction held to be er-
roneous the court used the language "manifestly endeav-
oring *and* intending to commit a felony," while in the
Code, "or" is used instead of "and." In *People* v. *Gon-
zales*, 71 Cal. 569, the jury were told in the seventeenth
instruction that "the necessity must be apparent, *actual,*
imminent, absolute, and unavoidable "; and this court
held the instruction to be contradictory and misleading.
It was also said, in that case, that the eighteenth in-
struction excluded certain considerations from the jury;
but as the instruction is not given in the report, it does
not appear *how* they were excluded.

The sections of Wharton's Criminal Law referred to
merely state the general doctrine, nowhere disputed,
that apparent danger is sufficient. There are no other
citations; and in all the cases cited the error of the in-
struction was one of commission, and not of omission.
No doubt, in a case where the evidence at all warrants
it, the court should instruct about apparent necessity
when counsel for defendant requests it; and perhaps it
is possible to imagine a peculiar case where it would be
error for the court not to do so on its own motion; cer-
tainly it should not use express language which excludes
that doctrine. In the case at bar there was no question
before the jury as between real and apparent danger.
According to the evidence of the prosecution, defendant
made an entirely unjustifiable attack on the injured
party, and said afterwards that he wanted to kill him.
Defendant testified that the injured party first struck
him; that he grabbed defendant by a handkerchief which
was around his neck, and hit him several times with 'a
rock which he had in his hand; that defendant told him
that if he did not let go he would cut him; that he would
not let go; that he cut him in the arm, to make him let

go; that as soon as defendant was released he ran away, and that the other party threw the rock after him.   If the jury had believed defendant, they would have acquitted him, and would not have been confused by any distinction between real and apparent danger.   And it was peculiarly a case where counsel should have asked further instruction on the subject if he desired it, within the rule stated in *People* v. *Marks*, 72 Cal. 46, *People* v. *Flynn*, 73 Cal. 511, and *People* v. *Olsen*, 80 Cal. 122.   The court expressly asked counsel if any further instruction was desired.   We think, therefore, that the judgment should not be reversed on account of said charge of the court.

2. The other error assigned is the refusal of the court to strike out the answer of the witness Olie, on his redirect examination, that he had known the defendant " since he was at San Quentin."   But this error is not material, because the witness had said the same thing on his cross-examination by defendant's counsel, without any objection being made to it.

The judgment and order denying a new trial are affirmed.

SHARPSTEIN, J., and DE HAVEN, J., concurred.