## PEOPLE v. CONNELLY.

### No. 21,272; October 4, 1894.

#### 38 Pac. 42.

**Embezzlement—Instructions.—On a Trial for** embezzlement, where no request is made to limit evidence of similar embezzlements by defendant to proof of criminal intent, a voluntary instruction that defendant is not on trial for embezzling any other sum than that charged in the information is not prejudicial because it fails to make such a limitation.

**Embezzlement—Defense.—The Fact That an Appropriation** of an employer's money was made without attempt at concealment is no defense to a charge of embezzlement.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Patrick Connelly appeals from a conviction of embezzlement and from an order denying a new trial. Affirmed.

Lawler & Gray for appellant; Attorney General Hart for the people.

PER CURIAM.—The defendant was convicted of the crime of embezzlement, and appeals from the judgment and from an order denying his motion for a new trial. The information charges that defendant embezzled $89.78, the property of M. Goodwin, which he had received from Vincent Leguns as the agent and collector of said Goodwin.

1. On the trial evidence was introduced on the part of the people, without objection, to prove that defendant had embezzled other sums of money which he had collected for Goodwin, amounting to more than $5,000. As to this the court was not asked by either party to instruct the jury, but, of its own motion, instructed as follows: "Now, with reference to the matters outside—the five or six thousand dollars that has been spoken of—I charge you that the defendant here is not accused or on trial for embezzling any other sum than this money that was collected from Leguns; and, if you find that the defendant embezzled that money, why then you will find him

guilty; and by your verdict you must state the amount." The verdict was that defendant was guilty of embezzling $78.43. It is admitted that evidence of the embezzlement of other sums was properly admitted for the purpose of showing criminal intent, as was held in the case of People v. Gray, 66 Cal. 271, 5 Pac. 240. Nor is there any objection on the ground that the court voluntarily instructed on that point. But it is contended that the court erred in that it did not add to the instruction given that the evidence of other like embezzlements could be considered only for the purpose of proving the fraudulent or criminal intent with which the money received from Leguns was converted. If the instruction is defective in this respect, it is so to the advantage of the defendant, for the reason that the jury may have understood that they were instructed not to consider the evidence as to other embezzlements for any purpose, and could not otherwise have understood the instruction to the prejudice of the defendant. It seems to have been intended for the benefit of defendant, and, so far as it went, surely was so. If the defendant desired any addition to the instruction, he should have asked it.

2. The venue was sufficiently proved. The evidence contained in the bill of exceptions tends to prove that the money was received and converted by the defendant in the city and county of San Francisco, and should be deemed sufficient: People v. Marks, 72 Cal. 46, 13 Pac. 149; People v. Leong Sing, 77 Cal. 117, 19 Pac. 254; People v. Carroll, 80 Cal. 154, 22 Pac. 129; People v. Tonielli, 81 Cal. 279, 22 Pac. 678.

3. It is claimed that defendant was working for one-half of the profits on the sales made by him, and not for a definite commission, and therefore was interested in the business as a partner, and there was some evidence to this effect. But Mr. Goodwin testified positively that: "He was not working on profits at all. He was working on commissions on the amount sold. I am positive of that. The percentage of sales which he got as commission was seventeen per cent. . . . . In estimating the amount of his commission, I did not take the cost price of the goods. It did not make any difference what the goods cost. We allowed him his commission of just seventeen per cent."

4. It is further claimed that the undisputed testimony of defendant was that he was authorized to spend money at his discretion to build up the trade, but this is a mistake. He did not say he was authorized to spend money for that or any purpose. He simply said: 'The money, if any, that I was short was spent for the benefit of the house—building up the trade. I collected the money from Leguns on that bill. Q. Did you ever account to Mr. Goodwin for the money you had spent building up the trade? A. Oh, yes; what I would be short. What I was short when I would turn in—supposed to turn in —I would say, 'Charge so much to my account.' Can't remember whether I told them to charge the Leguns money to my account, or whether I paid it in.''

5. It is further contended that the money was appropriated by defendant openly, and without secrecy or concealment. While secrecy or concealment may be evidence tending to show a criminal intent, yet, if the evidence shows that the criminal acts constituting embezzlement were committed by the defendant, it is no defense that they were committed openly. The judgment and order are affirmed.