# El Pueblo *v.* Bonhome.

## Apelación procedente de la Corte de Distrito de Arecibo.

No. 78.    Resuelto en diciembre 12, 1905.

Apelación.—Sentencia.—Fecha del pronunciamiento de la misma.—El hecho de que el Tribunal inferior hubiere dictado sentencia en una causa criminal, por delito calificado de *felony*, antes de transcurrir dos días después de pronunciado el veredicto, no es motivo que justifique la revocación de la sentencia, si el acusado no hizo objeción alguna ante la Corte inferior.

Id.—Si el Tribunal cerrare sus sesiones antes de transcurrir dos días después de pronunciado el veredicto, puede dictar sentencia antes de que transcurran dichos dos días, pues entonces el caso está comprendido en la excepción contenida en el art. 309 del Código de Enjuiciamiento Criminal.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Rossy, Fiscal.*
La parte apelante no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso, la Corte de Distrito de Arecibo dictó la siguiente sentencia:

"*El Pueblo de Puerto Rico* v. *Juan Bonhome.*—Agresión con intención de cometer asesinato.—Hoy día treinta y uno de marzo de mil novecientos cinco, comparece el convicto Juan Bonhome Rivera, para oir leer su sentencia. Preguntado si tiene algunas razones que exponer para que dicha sentencia no sea pronunciada, y no expresando razones bastantes para obstaculizarla, se pronuncia la siguiente sentencia por la Corte en contra de él. En vista del fallo de convicción dictado por esta Hon. Corte en el día de ayer, 30 de marzo, la Corte debe ordenar y condena al convicto Juan Bonhome Rivera, á la pena de seis años de prisión en el Presidio Departamental de la Isla, con trabajos forzados, y á pagar las costas de esta causa, por el delito de agresión con intención de cometer asesinato; y la Corte, además, ordena que sea llevado dicho Juan Bonhome Rivera, de esta Corte de Justicia al Presidio Departamental de San Juan, y sea entregado al Jefe de dicha Institución, con una copia de esta sentencia, para que allí sea confinado el acusado, por el período de seis años, con trabajos forzados y las costas."

Se alegó ante esta Corte, que la sentencia debiera revocarse porque no se muestra en los autos que se halla cumplido con la sección 309 del Código de Enjuiciamiento Criminal, que exige que la sentencia se dicte dos días después del veredicto. Concediendo que el fallo de convicción deba tratarse de igual manera que el veredicto, sin embargo, el acusado debió haber presentado su objeción en la corte inferior ó debe considerársele que ha renunciado á tal derecho.

El hecho de que el tiempo señalado no fué, cuando menos, dos días después del veredicto, no es un fundamento para una revocación, si el acusado no presentó objeción alguna.

*Pueblo* contra *Barton,* 88 Cal. 176; *Pueblo* contra *Mess,* 65 Cal. 174.

Además, el día 31 de marzo fué el último del cuarto término que la corte de Arecibo que coloca el caso dentro de la excepción de dicha sección 309, indicada por las palabras "si la corte se propone continuar en sesión mientras tanto."

Las demás cuestiones que solamente se han presentado para su resolución, son substancialmente idénticas á las promovidas en el caso de Miguel Muñoz Santana, resueltas por esta corte en el día 12 de diciembre, 1905; y por la razones expuestas en aquella opinión, la sentencia dictada en este caso por la Corte de Distrito de Arecibo, debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.