State v. Kane.                    77 N. J. L.

---

### THE STATE v. VALENTINE KANE.

Submitted December 5, 1908—Decided February 23, 1909.

1. Although as a general rule a party's own declarations are not evidence for him, this is not so when such declarations are a part of the *res gestæ*.
2. Where the state of mind, or motive with which any particular act is done, is the subject of inquiry, declarations made by the person who does the act, which precede its doing and which illustrate or explain its character, are a part of the *res gestæ*, and are admissible in evidence.

---

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the state, *Wilbur A. Mott,* prosecutor of the pleas.

For the defendant, *Crane & Astley.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff in error was jointly indicted with one Lester Gerry for the crime of breaking, entering and larceny. Gerry pleaded guilty and was produced by the state as a witness against Kane upon the trial of the latter. The crime was committed late on Saturday night, August 26th, 1906. Kane was arrested about ten o'clock the following morning in the neighborhood of Gerry's home. On the witness-stand Kane accounted for his presence in the locality by saying that he went there to meet a friend named Lamont, who lived on the same street as Gerry, and only a short distance away, and with whom he said he expected to attend church that morning. On rebuttal the state produced testimony tending to show that the purpose of Kane in going to the place where he was arrested was to meet Gerry, his alleged partner in the crime which was charged against him. Kane then called Lamont as a witness and attempted to prove by him the making of an appointment with him on Saturday evening to attend church on Sunday morning. Lamont was asked by defendant's counsel whether, when he parted with Kane on Saturday night, anything was said about their meeting the next morning. The witness replied, "Yes, sir; he said——." He was then interrupted by the prosecuting attorney who said, "I object to anything he was to do the next morning." The following colloquy then took place between the defendant's counsel and the court:

"Mr. Crane—I assume that the state intends to claim that he went over to Gerry's house to see Gerry the next morning.

"The Court—Kane's statement on that occasion—I cannot allow that.

"Mr. Crane—If he had an engagement with this man the next morning?

"The Court—I cannot allow you to prove it that way.

"Mr. Crane—There is no other way to prove it except by Kane himself, and Kane has made that statement.

"The Court—That is the only way it can get in."

So far as appears from the record neither the ground of the prosecutor's objection nor of the court's ruling was stated, but we think it may fairly be presumed from the remark of the court—"Kane's statement—I can't allow that"—and from the argument submitted before us on behalf of the state, that the excluded testimony was thought, both by court and counsel, to be objectionable because it called for the declaration of a party to the suit in his own favor. But although, as a general rule, a party's own declarations are not evidence for him, this is not so where such declarations are a part of the res gestæ. Guild v. Aller, 2 Harr. 310. Now, while it is difficult and, perhaps, impossible, to frame any definition of the res gestæ which would embrace all the various cases which may arise in practice, yet that given by Dr. Wharton and approved by the Court of Errors and Appeals in the case of Hunter v. State, 11 Vroom 538, may be accepted as accurate for the purposes of this case. He says: "The res gestæ may be defined as those circumstances which are the undesigned incidents of a particular litigated act, which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. They may consist of speeches of anyone concerned, whether participant or bystander; they may comprise things left undone as well as things done. Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary, in this sense, that they are part of the immediate preparations for, or emanations of such act, and are not produced by the calculated policy of the actors." This definition plainly embraces the statement which was excluded, for it was the immediate preparation for the act in question, and certainly was not produced by the calculated policy of the actor who made it. The act which was the subject of judicial

scrutiny was the going by Kane to a particular place at a particular time. If he went there for the purpose of meeting Gerry, as was claimed by the state, that fact tended, to some extent, to support the charge laid against him. If, on the other hand, he was there merely for the purpose of keeping an appointment, previously made, to attend church with a friend, it had no tendency to show his guilt of the crime charged against him. In order, therefore, to determine the value of this fact as bearing on the question of his guilt or innocence, the motive with which he went there was vital, and where the state of mind, or motive, with which any particular act is done is the subject of inquiry, declarations made by the person prior to the doing of the act, and which illustrate or explain its character, are admissible in evidence. *Lund* v. *Inhabitants of Tyngsboro, 9 Cush. 36.*

From the foregoing considerations we are led to the conclusion that the offered testimony was erroneously excluded.

It is argued on the part of the state that the reason for Kane's presence at the place where he was arrested was quite immaterial, throwing no light upon the question of his guilt or innocence of the crime charged against him, and that, therefore, the exclusion of the offered testimony was harmless. But this argument overlooks the fact that the state attempted to prove that he was there to meet his alleged associate in the breaking and entering of the previous evening, thereby raising the inference that his presence there was for some purpose connected with the crime. The offered testimony was material for the purpose of rebutting this inference, and its exclusion was harmful error.

The judgment under review must be reversed.