[Department One.— April 24, 1883.]

## LUCY M. BRIGGS, RESPONDENT, v. JAMES T. HAYCOCK ET AL., APPELLANTS.

CONVERSION — WAREHOUSEMAN. — The plaintiff intrusted certain property to the Ten Cent Parcel Company, a corporation, to be stored.   The company stored the property with warehousemen — to whose rights and duties the defendants succeeded — taking a receipt therefor.   The defendants had notice that the plaintiff was the owner of the property.   She tendered them the amount of the storage charges. seventy-eight dollars, and demanded the property, but did not present the warehouse receipt.   Defendants refused to deliver it on the sole ground that it had been sold for the storage charges, but offered to deliver it for *two hundred dollars*.   The court found that the property had not been sold, but was at the time of the tender and refusal in the possession of defendants.   *Held*, that the refusal amounted a conversion, and that the failure to produce the receipt constituted no defense, as the refusal was placed on the mere ground that the property had been sold.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Sawyer,* and *Ball,* for Appellant.

The demand and refusal did not constitute conversion. (*Balch v. Jones,* 61 Cal. 234; Hillard on Torts, 48.)

The receipt should have been produced. (*Patten* v. *Baggs,* 43 Ga. 167; *Second Nat. Bk.* v. *Walbridge,* 19 Ohio St. 419; *Horr* v. *Barker,* 8 Cal. 613; *Davis* v. *Russell,* 52 Cal. 615; *Cochran* v. *Ripy,* 13 Bush, 495.)

*McAllister & Bergin,* and *G. F. Gordon,* for Respondents.

The court is asked to reverse the judgment upon two grounds, namely:—

1. Non-production of the receipt.
2. There has been no conversion of the property.

It is too late to make these points.

The absolute and unqualified refusal to deliver the goods to respondent upon payment of all charges due thereon, without calling for any receipts, excused its production — and *non constat* that the point was ever made on the trial where it could readily have been obviated. (*Rogers* v. *Weir,* 34 N. Y. 463; *Ball v. Liney,* 48 N. Y. 12; *Smith* v. *Shaw,* 16 Cal. 90; *Miller* v. *Myers,* 46 Cal. 538; *Gould* v. *Banks,* 8 Wend. 567.)

ROSS, J.—Action for conversion of certain articles of personal property. The plaintiff's ownership of the articles is an undisputed fact in the case. As owner, she intrusted the property to the Ten Cent Parcel Delivery Company, a corporation, to be stored. Defendants' predecessors in interest were warehousemen, and with them the company stored the property, taking a warehouse receipt therefor. Subsequently the defendants succeeded to the rights and duties of the original warehousemen in respect to it. On the 18th of July, 1877, they had notice that the plaintiff was the owner of the property, and on that day delivered to her a portion of it on an order from the Parcel Delivery Company. Afterward, and on the 2d of July,

1879, the plaintiff tendered defendants the amount due thereon for storage, seventy-eight dollars, and demanded possession of the remainder of the property. Defendants refused to deliver the remainder on the sole ground that the same had been sold to pay storage charges; but at the same time offered to deliver it if plaintiff would pay them *two hundred* dollars. In truth, according to the findings, the property had not been sold, but was at the time of the tender and demand in defendants' possession.

On these facts the court below rightly gave judgment for the plaintiff. The circumstances attending the refusal of the defendants to surrender the property to the owner on tender of the charges due amounted to a conversion of it.

The objection that the warehouse receipt was not produced is not well taken. Defendants did not put their refusal to deliver on any such ground, but based it solely on the ground which, according to the findings, had no support in fact, that the property had been sold to pay storage charges. If they had asked for the receipt, perhaps it would have been produced.

Judgment affirmed.

McKee, J., and McKinstry, J., concurred.

Hearing in Bank denied.