[No. 20,056.  In Bank.—February 25, 1885.]
THE PEOPLE, RESPONDENT, *v.* PATRICK BOURKE, APPELLANT.

CRIMINAL LAW—INSTRUCTIONS—REFUSAL TO GIVE WHEN NOT GROUND FOR REVERSAL.—The action of the trial court in refusing to give an instruction requested by the defendant, the correctness of which depended upon the evidence, cannot be reviewed by the appellate court in the absence of the evidence and the instructions given.

ID.—ORAL CHARGE—PRESUMPTION.—Where the record on appeal is silent as to whether an oral charge given to the jury was taken down by the phonographic reporter, the legal presumption is that it was so taken down, and to overcome this presumption, the defendant must make an  affirmative showing to the contrary.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. D. Whaley,* for Appellant.

*Attorney General Marshall,* for Respondent.

MORRISON, C. J.—This case comes before us without any of the evidence given on the trial, and without any portion of the court's charge to the jury, and we are asked to reverse the judgment on two grounds: first, because the court erred in refusing to give an instruction asked by the defendant, and secondly, because the court gave an oral charge to the jury.

The instruction requested was the following:

"Under this information, according as the evidence satisfies the jury, the following verdicts may be found:

1.   Guilty of robbery.
2.   Guilty of grand larceny.
3.   Guilty of an attempt to commit robbery.
4.   Guilty of an attempt to commit grand larceny.
5.   Guilty of an assault with an intent to commit robbery.
6.   Guilty of an assault with an intent to commit larceny.
7.   Guilty of an assault.
8.   Guilty of petit larceny.
9.   Not guilty.

The defendant was charged with the crime of robbery, and was found guilty of that crime.

But, as the evidence is not before us, we cannot say that the instruction should have been given, even if it is the law. Unless there was some evidence in the case upon which the instruction asked was properly predicated, it was right in the court to refuse it. (*People* v. *Sanchez,* 24 Cal. 17; *People* v. *Williams,* 43 Cal. 344; *People* v. *Strong,* 46 Cal. 302.)

And it may be, that the instructions given fully covered all the points in the case which properly arose under the evidence. In the absence of the evidence and the instructions given, we are not able to say that there was error.

The transcript shows that the court gave an oral charge to the jury. It has been held in several cases that an oral charge without the consent of the defendant was error, but since those decisions were made the Penal Code has been amended. By section 1093 of the Penal Code, it is provided that "if the charge be not given in writing, it must be taken down by the phonographic reporter." It does not affirmatively appear in this case that the charge *was not* taken down by the phonographic reporter, and we are asked to presume that it was not,

for the purpose of reversing the judgment. But the presumption is the other way, as was held by this court in the case of *The People* v. *Ferris*, 56 Cal. 442. In that case this court say : " It is objected that the court orally instructed the jury. * * * The statute authorizes such instructions to be given to the jury in a criminal case, if taken down by the short-hand reporter. The legal presumption is that that was done. It is for the defendant to overcome that presumption. He must affirmatively show error ; the court will not presume it. There appears no error in the record, and the judgment and order denying a new trial are affirmed.''

It may not be improper to remark that on defendant's motion for a new trial the last point was not made, which fact is strongly corroborative of the presumption that the charge of the court was taken down by the phonographic reporter, and the provisions of section 1093 of the Penal Code fully complied with.

Judgment and order affirmed.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., McKEE, J., ROSS, J., and McKINSTRY, J., concurred.