[No. 21020.    Department Two.—November 27, 1893.]

|100  367|
|6143 638|

## THE PEOPLE, RESPONDENT, *v.* CHARLES J. KINDLEBERGER, APPELLANT.

CRIMINAL LAW—TRIAL—DISAGREEMENT OF JURORS—PREJUDICIAL STATE-MENT OF JUDGE.—The action of the judge of the trial court in a criminal prosecution, in stating in answer to a statement of a juror that the jurors were unable to agree, that "in view of the testimony in this case the court is utterly at a loss to know why twelve honest men cannot agree in this case," without advising an acquittal, would probably give the jury to understand that the judge believed the defendant guilty, and that such ought to be their verd'ct, and is prejudicial error.

ID.—ERROR NOT CURED.—Such error is not cured by the fact that in a subsequent part of the charge to the jury the judge informed them that they were the sole judges of fact and of the credibility of witnesses, and that the court had no right to trench upon their province in this respect.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. T. Sullivan,* and *W. J. Donovan,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-General Charles H. Jackson,* for Respondent.

DE HAVEN, J.—The defendant was found guilty of the crime of assault with intent to commit rape, and was sentenced by the judgment of the superior court to imprisonment in the state prison for a term of seven years. The appeal here is from the judgment, and is brought to this court upon the judgment-roll alone, without any bill of exceptions. The jury retired to deliberate upon their verdict at nine o'clock in the evening, and, not having agreed, the jurors, upon their own request, were brought into court at ten o'cclock in the forenoon of the next day, when the following proceedings took place:

"*The Court.* Well, upon what point do you desire instruction or points?

"*A Juror.* By request of the jurymen I would ask if there could be any other form of verdict in the case?

"*The Court.* Is that all?

"*A Juror.* That is all; except that we are unable to agree. No prospect of agreeing.

"*The Court.* In reply to the latter part of the statement, that the jury are unable to agree, and that there is no prospect of their agreeing, the court has this to say: that in view of the testimony in this case, the court is utterly at a loss to know why twelve honest men cannot agree in this case. Let me have that information, please. In that connection, further, I have this to say, that in my short experience upon the bench I have occasionally been associated with juries where some jurors having an idea that they are smart men, prominent men, with large heads and big capacity, on going to the jury-room, take occasion to express ill-digested and rapid opinions upon the case, and then stick to these opinions, right or wrong, unreasonably refusing to listen to the opinion and arguments of their fellow-jurors, and so hang a jury. I have on some occasions, having something of a personal knowledge of jurors on the jury, taken occasion to caution the jurors against that course, and to say that jurors ought to go into the jury-box without prejudice, without fear, without favor, with a desire to arrive at the truth, to sift and digest the testimony carefully and conscientiously, and not stubbornly to express an ill-digested opinion and stick to it.

"I repeat, gentlemen, that I see no reason on earth why a jury in this case, upon this testimony, cannot agree."

In thus addressing the jury the learned judge of the superior court committed an error, to the prejudice of the defendant. Nothing can be clearer than that in this charge the judge informed the jury that he had a fixed and definite conviction in regard to the verdict which they ought to return, and that in his opinion the evidence to support such conclusion was so plain and

satisfactory that honest and intelligent jurors who had heard the testimony ought not to disagree as to its weight and effect, and we think the jury understood, or at least may have understood, from these unguarded remarks that in the opinion of the judge the defendant was guilty, and that such should be the verdict.

When upon the trial of a defendant the evidence is clearly insufficient to justify a verdict of guilty, it is the duty of the judge to so inform the jury, and to advise a verdict of acquittal. This power is sometimes exercised by courts, and is one so frequently invoked in the trial of criminal cases that its existence may be regarded as a matter of common knowledge upon the part of jurors of ordinary intelligence and experience, and this fact is not to be lost sight of in considering the impression likely to have been made upon the jury by the charge of the judge in this case. To any one knowing that it is the duty of the court to advise an acquittal, if the evidence is such, that, in the opinion of the judge, twelve honest men would have no right to convict him, the remarks of the judge in this case could not fail to create the impression that he thought the jury ought to convict upon the evidence before them. But it is not necessary that we should be able to say that the jury must have so understood the charge. Unless it appears that it could not have been so understood we cannot say that the charge was without prejudice to the defendant. The court has no right, except when advising an acquittal, to give any expression of its opinion as to the weight of evidence, or to tell the jury that the evidence is so clear that they as honest men ought not to disagree, which is in effect the same as telling them that there is no conflict in the evidence, and that as honest men they can render but one verdict. In a subsequent part of the charge the learned judge did inform the jury that they were the sole judges of all questions of fact and of the credibility of the witnesses, and that the court had no right to trench upon their province in this respect; but the error already noticed in the pre-

C. CAL.—24

vious part of the charge was not cured by this subsequent statement. The fact still remained impressed upon the minds of the jurors that it was the opinion of the judge that there ought to be no disagreement, and that the testimony would justify but one verdict.

Judgment reversed, and cause remanded for a new trial.

McFARLAND, J., and FITZGERALD, J., concurred.