## PEOPLE v. DILLWOOD.

### No. 21,121; February 21, 1895.

39 Pac. 438.

**Witnesses—Cross-examination.—Where the Testimony of a Witness** for the prosecution is materially different on the trial from what it was on preliminary examination, the extent to which defendant is to be allowed on cross-examination to go into the present surroundings of the witness, in order to show the motives inducing him to change his testimony, is within the discretion of the court.

**Witnesses—Impeachment by Testimony on Preliminary Examination.**—Under Code of Civil Procedure, section 2052, it is proper, when the testimony of a witness on preliminary examination is sought to be used to contradict the witness, to require it to be read and shown to the witness on demand.

**Witnesses—Impeachment—Pending Criminal Charges.**—To discredit a witness for the prosecution, it may be shown that criminal charges are pending against him, as tending to show a desire to seek favor at the hands of the prosecution, by aiding in the conviction of the defendant. Such charges must be proven by record if oral evidence thereof is objected to.

APPEAL from Superior Court, Fresno County; S. A. Holmes, Judge.

Alfred M. Dillwood was convicted of burglary, and appeals. Affirmed.

S. J. Hinds for appellant; Attorney General Hart for the people.

PER CURIAM.—The appellant was convicted of burglary in the first degree, and appeals from the judgment and an order denying a new trial.

Thomas Philbin, a witness for the prosecution, admitted upon cross-examination that he had been convicted of a felony prior to June 21, 1893, and afterward, and prior to the trial of this case, was granted a new trial. On June 21st he was a witness in behalf of Dillwood upon his examination before the justice upon the same charge of burglary here in question, and in his examination in chief in the superior court had testified to facts which, if believed by the jury, would tend strongly to convict the defendant. It was claimed by defendant that Philbin's testimony before the justice was materially different from his testimony in chief upon the trial in the superior court. If it were true that there was a material difference in the testimony of the witness on these two occasions, a very large liberty should be given the defendant to prove the motives and influences inducing the change, so as to enable the jury to determine whether his testimony given before them was prompted by a disinterested desire that justice should be done, and therefore likely to be true, or whether he was influenced by promises, or even

by a hope not based upon promises or benefit to himself, and therefore likely to be untrue. All the surroundings of the witness which can reasonably be supposed to influence his testimony or affect his credibility should, under such circumstances, be permitted to be shown. The court, however, must determine, in view of the facts and circumstances as they arise, the limitations beyond which a cross-examination of this character is useless or improper. We see no abuse of discretion in this regard.

In the cross-examination of the witness Philbin, it was right to require that his testimony before the examining magistrate, which was sought to be used to contradict him, should be read to him, and, if required by the witness, be shown to him. In People v. Ching Hing Chang, 74 Cal. 392, 16 Pac. 201, and in People v. Lee Chuck, 78 Cal. 322, 20 Pac. 719, it was held that section 2052 of the Code of Civil Procedure applied in such cases.

Elmo Headley, a witness for the prosecution, admitted that he had "pleaded guilty to stealing the Johnson cow," and had been sent to the Whittier Reform School. He was then asked if charges were not then pending against him in that county for felonies, and which were pending before he was sentenced to the reform school. Before the enactment of section 2051 of the Code of Civil Procedure, the conviction of a felony could only be proved by the production of the record, if objection were made. That it may now be shown by the admission of the witness upon the stand is an exception to the general rule that the record, being the best evidence, must be produced. It is competent to show the fact that other criminal charges are pending in the same court against the witness at the time he testifies, not, however, as evidence of particular wrongful acts, for as to these he is presumed to be innocent, but as a circumstance tending to show that his testimony is or may be influenced by a desire to seek the favor or leniency of the court and prosecuting officers by aiding in the conviction of the defendant. These charges should, however, be proved by the record if objection is made to oral evidence of them.

No other questions need be noticed. The judgment and order appealed from are affirmed.