THE PEOPLE EX REL. STRAUB ET AL. v. BOUGHTON, JUDGE.

1. BILL OF EXCEPTIONS—MANDAMUS.

The bill of exceptions as tendered to the trial judge for authentication contained none of the evidence produced at the trial, but did contain recitals that evidence tending to prove the allegations of the complaint and of the amended replication was introduced by the plaintiffs; that the defendants produced evidence tending to prove the allegations of their answer and cross complaint and to disprove the averments of the plaintiff's complaint and amended replication, after which plaintiffs introduced evidence in rebuttal; that the testimony was conflicting; and closed with an additional recital as to the giving and refusal to give certain instructions. *Held*, not to be such a bill as the trial judge would be compelled to authenticate.

2. SAME.

When complaint is made of the giving or refusal to give instructions, the bill of exceptions should contain a distinct statement of the evidence introduced which raises the question to which the instructions apply.

*Original Proceeding in Mandamus.*

Mr. E. A. BALLARD and Mr. L. K. PRATT, for petitioners.

Mr. JOHN S. MACBETH, for respondent.

PER CURIAM. In the district court of Boulder county a money judgment was rendered against the relators. An appeal to this court was granted, and time fixed for filing a bill of exceptions. Within the time limited, relators (as appellants) tendered to the trial judge a skeleton bill of exceptions, which he refused to sign and seal. Thereupon relators filed in this court their petition asking for a peremptory writ of mandamus ordering the respondent (the trial judge) to sign and seal the bill.

To this petition the respondent interposed a demurrer on the ground that the facts stated do not entitle the relators to any relief. The case was presented, and a hearing had upon this demurrer.

It appears from the bill of exceptions, attached as an exhibit to the petition, that it contains none of the evidence produced at the trial; but in it there is a recital that evidence tending to prove the allegations of the complaint and of the amended replication was introduced by the plaintiffs, and at its close the defendants' motion for a nonsuit was overruled by the court.   Thereupon the defendants produced evidence tending to prove the allegations of their answer and cross complaint, and to disprove the averments of plaintiffs' complaint and amended replication, and then rested; after which plaintiffs introduced evidence in rebuttal, and the case was closed; following which recital is this sentence, " The testimony was conflicting."

There is an additional recital that the court gave to the jury certain instructions requested by the defendants' counsel, to the giving of which the plaintiffs at the time duly excepted.   The court also gave two instructions asked by the plaintiffs' counsel, and refused another, to which refusal an exception at the time was duly taken.

From the foregoing summary of the contents of the bill of exceptions, as well as from the argument of counsel for relators, it is apparent that they will rely for a reversal, in part, at least, because of the giving and refusing of the instructions referred to, which action of the court, according to their contention, constituted reversible error, provided the evidence was inharmonious.   In their view, it became necessary to show to the appellate court, as a matter of fact, that there was such conflict.   This fact the relators, as appellants, sought to establish by embodying in the bill a statement of the trial judge that the evidence was conflicting.   They were not satisfied with the recital therein that evidence was admitted tending to prove the plaintiffs' case under their pleadings, and that evidence was given by the defendants to establish their case under their pleadings (which recital, in some of the cases, it is held is sufficient, for certain purposes, in a bill of exceptions); but they insisted before the trial judge, as well as here, that they are entitled to a further

statement by the judge that there was a conflict in the evidence.

Without intending to prejudge the appeal, upon its merits, we may, with propriety, say that there are two sufficient reasons why such a recital in the bill of exceptions is not proper. It is not a statement of a fact, but, if inserted, is merely the opinion or conclusion of the trial judge, drawn from the evidence given at the trial. If such was not his opinion, of course he ought not to be compelled to give it; but if it was his opinion, it ought not to be made to usurp the function of a fact; for, while it may be sound, it would not necessarily bind a court of review, and the latter, upon a consideration of the same evidence, might arrive at an entirely different conclusion; or, if it found a slight antagonism in the evidence, still it might conclude that the instructions given—applicable strictly only in case of no conflict—were technically erroneous, nevertheless the error was not of sufficient importance to work a reversal. But if this could be accepted as to the statement of a fact by which the court of review is to be bound, it is not sufficiently definite. We can readily conceive of a record where, as to some issue or issues, there was a conflict in the evidence, and as to some other issue or issues there was none at all. If the instructions related to the latter, there might be no prejudicial error; whereas, if they were applicable to the former, the error might be a reversible one.

We must not be understood as holding that all the evidence in a voluminous record need be brought up, where the errors assigned relate only to the instructions. We hold, however, that a trial judge is not required to give his opinion as to whether or not there was a conflict in the evidence generally. We are cited to no case exactly in point, and find none ; but, upon principle, we think it would establish a bad practice to grant the writ prayed for. The utmost to which any of the cases go is that, in some circumstances, a bill may recite that " the evidence tended to show " a given fact, but in no case to which our attention is called has it

been held that the judge may express his opinion upon the evidence.

The nearest case in point is *Worthington v. Mason*, 101 U. S. 149, wherein it was said: " As we understand the principles on which judgments here are reviewed by writ of error, that error must appear by some ruling on the pleadings, or on a state of facts presented to this court. Those facts, apart from the pleadings, can only be shown here by a special verdict, an agreed statement duly signed and submitted to the court below, or by bill of exceptions. When in the latter, complaint is made of the instructions of the court given or refused, *it must be accompanied by a distinct statement of testimony given or offered which raises the question to which the instructions apply*."

The court further says that the proof of such facts must not be sought for in the comments of the court to the jury on the testimony, or on the recitation of facts supposed to be proved, found in such comment, or because the judge was of the opinion that a fact was proved which the jury refused to believe. In principle, we think this decision in harmony with the conclusion which we have reached.

Bearing more or less upon kindred propositions, but not upon the precise question involved, see *Hoagland v. Cole*, 18 Colo. 426; *Andrews v. Carlile*, 20 Colo. 370; 2 Thompson on Trials, secs. 2401, 2777, and cases cited; *Phœnix Life Ins. Co. v. Raddin*, 120 U. S. 183; 2 Ency. Pl. & Pr., p. 567, *et seq.*; *People v. Bourke*, 66 Cal. 455; *Union Pac. Ry. Co. v. Harris*, 63 Fed. Rep. 800; *Schmidt v. C. & N. W. Ry. Co. et al.*, 83 Ill. 405; *Gaines v. Harvin*, 19 Ala. 491.

For the reasons given the writ is denied.

*Denied.*