[No. 5416.]
[No. 3074 C. A.]

## DUFFY v. WILSON.

1.   **Pleading — Aider by Subsequent Pleading —** In replevin against a warehouse man, failure of plaintiff to aver tender of the warehouse receipt may be aided by the averment in the reply that, upon demand for the goods, defendant, without waiting for the return of the receipt, refused to deliver the goods unless thereunto required by judgment.—P. 342.

2.   **Bill of Exceptions—When Necessary—**The charge of the court will not be reviewed unless the evidence is presented. —P. 343.·

3.   **Replevin—Judgment—**When it appears that a portion of the goods have not been returned, the judgment must be in the alternative. All the goods must be returned, or the aggregate value of all must be paid. There is no need that the judgment should declare the separate value of each item of the recovery. —P. 344.

*Appeal from Denver District Court.*
*Hon. Peter L. Palmer, Judge.*

Mr. W. W. DALE, for appellant.

Messrs. ELLIOTT & BARDWELL, for appellee.

Mr. JUSTICE HELM delivered the opinion of the court:

The objections urged upon this appeal are three-fold, viz: First, that the complaint fails to state a cause of action; Second, that certain of the instructions given to the jury are erroneous; and, Third, that the verdict and judgment are so defective in form as to require a reversal.

The action is replevin. Defendant, who is also appellant, being engaged in the business of storing personal property for hire, received from plaintiff, for storage, a piano and certain other personalty, consisting of household goods. The usual warehouse receipt was delivered to plaintiff at the time the property was so received. This part of the transaction occurred on January 9, 1902. On April 7, following, a demand for return of the goods being refused, this action was instituted.

The specific objection to the complaint is, that it does not allege an offer to deliver to defendant the warehouse receipt at the time demand for the return of the goods was made. By the storage contract, the return of the warehouse receipt is expressly made a condition precedent to withdrawal of the property; and the failure of plaintiff to allege the tender of this receipt at the time of her demand was a serious omission. But, as we view the case, this defect was cured by subsequent pleadings. No demurrer was filed to the complaint. The answer first denies that plaintiff is the owner or entitled to possession of the property; it then alleges, on information and belief, that the warehouse receipt had previously been assigned by plaintiff to a third party for value, thus transferring the right to possession of the property from her to another. The replication denies such assignment or transfer of this receipt.

The replication also affirmatively avers that, when demand was made for the property, defendant, without waiting for a tender of the receipt, promptly refused to surrender the same except upon "an order or judgment of court"; likewise, that defendant made no request for or mention of the receipt; and that plaintiff could and would have returned the same if such request had been made, or if the refusal had been based upon that ground.

The foregoing averments in the answer, coupled with the denials thereof in the replication, supplied the deficiency and aided the complaint, thus obviating this objection thereto.—*Storage Co. v. Reservoir Co.,* 25 Colo. 93.

Moreover, the conduct of defendant in expressly basing its refusal to comply with plaintiff's demand for possession wholly upon another and different ground, in and of itself, operated as a waiver of this challenge.

"The objection that the warehouse receipt was not produced, is not well taken. Defendants did not put their refusal to deliver on any such ground, but based it solely on the ground which, according to the findings, had no support in fact, that the property had been sold to pay storage charges. If they had asked for the receipt, perhaps it would have been produced."—*Briggs v. Haycock,* 63 Cal. 343; *Ry. Co. v. McCarthy,* 96 U. S. 267; *Wallace v. M. & N. Elevator Co.,* 35 N. W. 268; *Holbrook v. Wight,* 24 Wen. (N. Y.) 168.

The charge of the court to the jury embraces eight separate instructions. Objection is made to but three of the eight.

As to one of these instructions, the alleged defect was cured by the paragraph of the charge immediately following, which deals with the same subject. The other instructions challenged are in ac-

cord with excellent authority. But the objections to all three of these instructions must be overruled upon another ground. No bill of exceptions was preserved, and hence no portion of the evidence offered at the trial was incorporated into the record. Not having the evidence before us, we are unable to determine whether or not the court below erred in giving this portion of the charge.—*People ex rel. v. Boughton,* 23 Colo. 24; *Benedict v. People,* 23 Colo. 127; *Williams v. Williams,* 20 Colo. 66; *Rollins & Sons v. Bd. of Co. Comrs.,* 80 Fed. 692; *Hammond v. Bovee,* 4 Col. App. 270; *D. & R. G. R. R. Co. v. Rossuck,* 7 Col. App. 289.

The verdict and judgment are challenged because they are not in alternative form. The verdict might, perhaps, be more formally worded. But it is sufficiently full, and is in substantial compliance with law. Besides, no objection thereto was taken on this ground in the court below, nor is there any assignment of error here covering the subject.

The specific objection to the judgment is, that it is solely for possession of the property; whereas, it should have been in the alternative, i. e., for possession or for the value, if a return could not be had. One of the allegations in the answer is, that a large portion of the property had been taken from the custody of defendant by an execution levy and sale under a judgment against plaintiff; if this averment were true, a return of the whole of the property might be impossible. But, in any event, it is clear that, in this case, the judgment should have been in strict accordance with the statute.

It is not necessary, however, to order a new trial. The defect challenged is confined to the form of the judgment. The verdict contains all the elements essential to the entry of a proper judgment. And we

might enroll a correct judgment in this court.—Cobbey on Rep. (2d ed.), § 1089. But we prefer to order a reversal, and remand the cause, with directions to the court below to enter the same.

Counsel for appellant, in argument, requests a judgment not only specifying the items of property involved, but also the separate value of each article; so that his client may return the property, or "so much thereof as he may be able to return, and pay the value of the balance thereof, as found by the verdict."

Elsewhere, and under particular statutes, such a proceeding is recognized; but not so here. In this state, all of the property must be returned, in substantially the same condition as when wrongfully taken; or the total aggregate value of all the property, as found by the jury, must be paid.

"Our statute requires the return of the entire property when in the hands of the other party, or judgment for its full value if delivery cannot be had, and a judgment must be for the possession of the entire property to be operative."—*Jones v. Messenger,* 40 Colo. 41.

"The statute required the judgment to be for the return of the entire property when in the hands of the other party, or for its full value if possession cannot be had."—*Horn v. C. S. & C. Bank,* 8 Col. App. 539.

The judgment will be reversed and the cause remanded, with directions to the court below to enter an alternative judgment upon the verdict, in accordance with the statute. Neither party to recover costs in this court. *Reversed.*

CHIEF JUSTICE STEELE and MR. JUSTICE MAXWELL concur.