[Crim. No. 1309. First Appellate District, Division Two.—August 30, 1926.]

## THE PEOPLE, Respondent, v. MILES BENNETT, Appellant.

[1] CRIMINAL LAW — ROBBERY—INSANITY—PRESENTATION OF DEFENSE —LIMITATION OF EXAMINATION.—In this prosecution for robbery, in which the facts were not controverted, but were admitted by defendant at the time of his arrest, and the only defense offered by defendant was that he was insane at the time of the commission of the act and that because of his mental condition he did not at that time know the difference between right and wrong with respect to the act he was committing, the record did not support defendant's contention on appeal that the trial court improperly limited the examination of the various witnesses produced by defendant and thereby prevented him from fully presenting to the jury the facts upon which he relied.

[2] ID.—PRIOR CHARGE OF MURDER — EVIDENCE. — In such prosecution, the facts that defendant had previously been charged with a murder and that he had been successful in resisting such charge having been brought out on the cross-examination of one of the police officers, the trial court did not err in refusing to allow defendant to testify in his own behalf to explain the circumstances under which he was charged with such murder.

(1) 17 C. J., p. 335, n. 9, 10.    (2) 17 C. J., p. 335, n. 13, p. 336, n. 17.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. A. Brown for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—Appellant was tried on an information charging him with the crime of robbery. He was convicted of robbery in the first degree and from the judgment fol-

2.  See 27 Cal. Jur. 150.

lowing the verdict and from the order denying a motion for a new trial he prosecutes this appeal.

The facts of the robbery were not controverted, but were admitted by the defendant at the time of his arrest. On the tenth day of October, 1925, the defendant and a companion entered the offices of a practicing physician located in the Garfield Building on Market Street, San Francisco, and, leaving his companion in the waiting room, the defendant knocked at the door of the physician's private office. When the door was opened he pointed a gun at the physician and commanded him to raise his hands. He then forced the physician to the floor, bound him with a cord, and took property from him of the value of over three thousand dollars. His companion and he then departed from the offices, but were immediately overtaken by the physician and a young lady who followed them downstairs to the second floor, where they all took the elevator to the street. The defendant and his companion then ran, followed by the physician and this young lady, until the defendant, separating from his companion, rushed into a hotel at the corner of Mason and Turk Streets and hid in a linen closet. The police officers were called, and when they appeared at the hotel they made a search of the building until they found the defendant in the closet with the elevator operator and a woman whom he had forced into the room at the point of a gun. The door was locked behind the defendant and it was necessary for the police officer to break it open to make the arrest. Upon his apprehension the defendant stated to the officers the full details of the robbery and at no time denied his participation in the crime.

At the time of the trial all the evidence on behalf of the state was admitted without objection and stands in the record uncontroverted. The only defense offered by the defendant was that he was insane at the time of the commission of the act and that because of his mental condition he did not at that time know the difference between right and wrong with respect to the act which he was committing. The testimony of the father and mother of the defendant was offered to prove that he had received several falls from which he had become irritable and had acted peculiarly at times. The testimony of his counsel was offered to prove that four days after his arrest the defendant had complained to his counsel that he was in a serious physical condition because

of having been brutally beaten by the police officers following his arrest. Testimony of a physician called to attend the defendant at that time was also offered to the effect that the defendant had complained to the physician that he had been severely beaten by the police officers, but upon examination the physician found that his statements were untrue. It was conclusively shown that this story of the beating was without any foundation.

[1] On this appeal the attack upon the judgment and the order is that the trial court improperly limited the examination of these various witnesses and thereby prevented the appellant from fully presenting to the jury the facts upon which he relied. An examination of the record discloses that all the witnesses called by the appellant were permitted to fully state all the facts upon which they relied in support of their conclusion that the appellant was irrational and that in each case where objection is now made to the limitation of the examination the same facts were brought out from the same witnesses either at a later stage of the examination or in the cross-examination by the state.

[2] The further objection is made that the trial court erred in refusing to allow the appellant to testify in his own behalf to explain the circumstances under which he was charged in connection with a murder at a previous date. The facts of this charge had been brought out in the cross-examination of one of the police officers who referred to it for the purpose of fixing the date upon which he held a conversation with the appellant. The same witness disclosed that the appellant had been successful in his resistance of the charge and there was therefore no error in the ruling of the trial court in refusing to permit his counsel to go into the circumstances of the charge or to make further proof that he had not been convicted of that crime.

A full examination of the record discloses that the appellant was fairly tried and fairly convicted and that no prejudicial error was committed.

Judgment and order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1926.