[Crim. No. 947. Third Appellate District.—February 19, 1927.]

THE PEOPLE, Respondent, v. L. T. BLACKWELL, Appellant.

[1] CRIMINAL LAW—UNLAWFUL SALE OF INTOXICATING LIQUOR — WITNESS FOR PROSECUTION—PENDING CHARGE—EVIDENCE.—In a prosecution for the unlawful sale of intoxicating liquor, the fact that a criminal charge for unlawfully selling intoxicating liquor against a witness for the prosecution was then pending in the same court was competent evidence, not of the truth thereof, but as tending to show that the testimony of such witness was influenced by desire to gain the favor of the district attorney by aiding in the conviction of the defendant and thereby escaping prosecution in her own case.

[2] ID. — STATEMENT OF TRIAL JUDGE — INFLUENCE ON VERDICT — EVIDENCE—PREJUDICIAL ERROR.—In such prosecution, the statement of

1.  See 27 Cal. Jur. 128.
2.  See 8 Cal. Jur. 250.
    81 Cal. App.—27

the trial judge, "I think the jury ought to agree on a verdict," which was made just after the foreman of the jury had announced that the jury stood nine to three for conviction and that some of the jurors "refused to believe certain witnesses," amounted to a plain intimation that the court thought the evidence in the case warranted a verdict of guilty and that the jury should so find; and the evidence of the defendant's guilt was not of such character as to enable the appellate court to say that the error of the trial court was not prejudicial.

(1) 40 Cyc., p. 2655, n. 5.   (2) 16 C. J., p. 1091, n. 91.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant Blackwell and one E. N. Weed were jointly charged with the offense of unlawfully selling intoxicating liquor. Blackwell was tried separately and convicted. He has appealed from the judgment and the order denying a new trial.

The defendant was the proprietor of a drugstore at the time of the alleged offense and Weed was one of the employees in the same store. He became one of the principal witnesses for the prosecution under a promise made by the district attorney to dismiss the case against him if he "would testify against Mr. Blackwell." Weed testified that Mr. and Mrs. Pierce, two informers of the district attorney's office, entered the store and asked for wine and that the witness spoke to the defendant about the matter, and "I told him they were in there and asked for it, and he asked me if I knew them, and I told him that they were— must be friends of his brother, and he said it was all right"; that thereafter the witness sold Mr. and Mrs. Pierce a gallon of wine for six dollars and immediately informed the defendant of the sale and that the defendant said, "All right." Mrs. Pierce testified that subsequent to the time

at which she and her husband had first sought to purchase wine from Weed, "we went in there, we asked if Mr. Weed was in, and he (defendant) said 'No, Mr. Weed wasn't there, he was out to supper.' I said, 'He promised to get us some wine.' . . . He said, 'You will get it, all right.' I said, 'How much for the fees?' He said, 'Six dollars. Come around tomorrow night and you will get it.' And we called him up, and the next night Mr. Weed spoke to us and he told us to come in the following night, and Mr. Blackwell was there again and Mr. Weed was out to supper again. And so finally we went back the next night and got the liquor for six dollars, which we gave to Mr. Weed." Mr. Pierce's testimony is substantially the same as that of his wife. The defendant contradicted the foregoing testimony and testified that he did not know of the sale or have any part therein.

On cross-examination of Mrs. Pierce the following occurred: "Q. Isn't it a fact, Mrs. Pierce, that your arrangement with the district attorney of Sacramento County in reference to securing liquor in Wright Act cases was a certain salary, and the further fact that you, yourself, would not be prosecuted for a sale of intoxicating liquor, a charge that is now pending against you in department number four of the superior court of Sacramento County? . . . Mr. Green (Deputy District Attorney): I object on the . . . ground it is incompetent, irrelevant and immaterial, has no bearing on the case; I object on the further ground it is prejudicial to the witness' character, and Mr. Foote knows he can't do that. The Court: The objection will be overruled. . . . It is admissible to show motive or interest of the witness. . . . A. Why, not that I know of. I went to work for a salary, as far as I know. Q. That was after you had been indicted, though, for the sale of intoxicating liquor, was it not? Mr. Green: Just a minute. Mr. Foote knows he can't prove it, and he is dragging it in by the ears. . . . The Court: The objection will be sustained. . . . The jury will be instructed to disregard the question." The ruling was erroneous. [1] The fact that a criminal charge against the witness was then pending in the same court was competent evidence, not of the truth thereof, but as tending to show that the testimony of the witness was influenced by a desire to gain the favor of the district

attorney by aiding in the conviction of the defendant and thereby escaping prosecution in her own case. (*People* v. *Dillwood*, 4 Cal. Unrep. 973, 975 [39 Pac. 438]; *People* v. *Hoffman*, 195 Cal. 295, 309 [232 Pac. 974]; *People* v. *Bennett*, 79 Cal. App. 249 [249 Pac. 20, 27].) The cross-examination proceeded further as follows: "Q. You yourself have been indicted, have you not, Mrs. Pierce, for a sale of intoxicating liquor in Sacramento County? Mr. Green: I object to it on the ground it is not the best evidence; on the further ground it is incompetent, irrelevant and immaterial; and on the further ground it tends to prejudice the witness. The Court: The objection will be sustained, and the court will admonish counsel to refrain from asking similar questions when the court has already sustained objections to a question, and will admonish you not to ask it. You know, of course, that question is not admissible." The court's reference to having already sustained an objection (which was not made upon the ground that the best evidence was not offered) to a similar question and the admonition to refrain from asking similar questions may well have convinced counsel for defendant that no proof of a pending charge against the witness would be permitted. However, under similar circumstances it has been said: "These charges should . . . be proved by the record if objection is made to oral evidence of them." (*People* v. *Dillwood, supra.*)

The record contains the following: "The jury retired at 3:45 o'clock P. M., to deliberate upon their verdict, and at 6:30 o'clock P. M. returned into the court room, whereupon the following proceedings were had: . . . Foreman H. K. Olmstead: Your honor, after taking three ballots with the result nine for conviction and three for acquittal, we feel that there is no chance for a settlement or agreement. The Court: What seems to be the difficulty. . . . Any difference about the evidence? . . . Foreman Olmstead: No, the principal difficulty seems to be . . . in the way that the testimony of the different witnesses is believed by the different ones of the jurors. Certain of the jurors give credit to the witnesses for one side, and the rest give credit to the witnesses for the other side, and there seems to be very little chance of reconciling the views of the different members. The Court: Well, I think if the jury has the

evidence before them, they are just as competent to determine and agree upon a verdict as any other jury would be. . . . Any of the jurors want any of the evidence to be read? Juror Olmstead: No, there doesn't seem to be any question as to the evidence, although some members of the jury refuse to believe certain witnesses. The Court: . . . You have heard the evidence here and you all understand all of the evidence. I think the jury ought to agree on a verdict. I think you better retire and deliberate further.''

[2] Under all the circumstances, there is merit in appellant's contention that the statement of the court, ''I think the jury ought to agree on a verdict,'' amounted to ''a plain intimation that the court thought the evidence in the case warranted a verdict of guilty and that the jury should so find.'' The foreman had just announced that the jury stood nine to three for conviction and that some of the jurors ''refused to believe certain witnesses.'' The defendant was the only witness for the defense who gave testimony in denial of his participation in the alleged offense. Three witnesses for the prosecution testified to the defendant's connection with the offense. From the foreman's statement that ''some members of the jury refuse to believe certain witnesses,'' the natural inference is that the three jurors voting for acquittal refused to believe the witnesses for the prosecution rather than that the nine others refused to believe the defendant's testimony. As was said in *People* v. *Kindleberger*, 100 Cal. 367, 369 [34 Pac. 852], ''We think the jury understood, or at least may have understood, from these unguarded remarks that in the opinion of the judge the defendant was guilty.'' And as said in *People* v. *Conboy*, 15 Cal. App. 97, 98 [113 Pac. 703], ''These remarks amounted to a plain intimation that the court thought the evidence in the case warranted a verdict of guilty, and that the jury should so find.''

The evidence of the defendant's guilt is not of such character as to enable this court to say that the error of the trial court was not prejudicial. The case had been tried twice before. Each trial had resulted in a disagreement of the jury. Weed was not only an accomplice, but he had been promised that the case against him would be dismissed if he ''would testify against Mr. Blackwell.'' If, as the

defendant sought to prove, and as may be implied ·from one of the foregoing questions put to Mrs. Pierce and her answer thereto, she was under indictment for unlawfully selling intoxicating liquor, that fact, together with her employment by the district attorney to gather evidence against like offenders, would greatly affect her and her husband's credibility as witnesses.  The other errors of which complaint is made are not likely to be repeated on the retrial of the case and need not be specifically considered. From an examination of the whole record it appears that justice requires a retrial of the case.

The judgment and the order are reversed.

Hart, J., and Plummer, J., concurred.