[Crim. No. 1152. Third Appellate District.—July 23, 1931.]

THE PEOPLE, Respondent, v. C. W. MACK, Appellant.

C. I. Bennington for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—Defendant was convicted by a jury of the crime of assault with a deadly weapon. He appeals from the judgment and from an order of the trial court denying his motion for a new trial.

Appellant contends that the court committed prejudicial error in permitting the witness Clayburn to testify, for the reason that said witness had remained in the courtroom during the progress of the trial after the court had made an order excluding all witnesses from the courtroom. There is no merit in this contention. The disobedience of the court's order to remain outside the courtroom during the progress of the trial might well have subjected the witness to punishment for contempt of court, but it is no ground for rejecting his testimony. (See *People* v. *Boscovitch*, 20 Cal. 436; 27 Cal. Jur. 64.)

Appellant also claims the court instructed the jury orally without the consent of the defendant. The statute authorizes such instructions to be given to the jury in a criminal case, if taken down by the phonographic reporter. (Sec. 1093, subd. 6, Pen. Code; *People* v. *Bourke*, 66 Cal. 456 [6 Pac. 89]; *People* v. *Wheatley*, 88 Cal. 114 [26 Pac. 95]; *People* v. *Leary*, 105 Cal. 486 [39 Pac. 24].)

To avoid uncertainty as to the instructions given the jury the Criminal Practice Act required that the charge be given in writing, except when the parties mutually consented that it be oral. This was the rule until 1874 when section 1093 of the Penal Code was amended to provide: "If the charge be not given in writing, it must be taken down by the phonographic reporter."

In 1897 the law was further changed, when section 1127 of the same code was amended. This amendment provides: "All instructions given (except such as might incidentally be given during the admission of evidence) shall be in writing, unless both parties request the giving of an oral instruction, or consent thereto, and when so given orally,

all instructions must be taken down by the phonographic reporter."

The requirement that the instructions be in or reduced to writing is mandatory and applies both to the original charge and to further instructions given after the jury has retired for deliberation. (*People* v. *Hersey*, 53 Cal. 574; 8 Cal. Jur., pp. 324, 325.)

The record in this case does not show whether the instructions were given orally or in writing, but conceding that they were given orally, the presumption is that the reporter performed his duty and took down the charge in shorthand, and that he must have done so appears from the fact that the full charge is brought to this court in the transcript. (*People* v. *Barton*, 88 Cal. 176 [25 Pac. 1117]; *People* v. *Cline*, 83 Cal. 374 [23 Pac. 391]; *People* v. *Marks*, 72 Cal. 46 [13 Pac. 149].)

Sections 1127 and 1176 of the Penal Code requiring the court to indorse and sign its decision upon each charge presented and given or refused do not apply to a charge of the court given of its own motion, as appears to have been done in this case. (8 Cal. Jur., p. 318.) However, the reporter's transcript of the charge must be certified by the trial judge as provided in section 1176 if a review of the oral charge is sought on appeal. This was done in the case at bar.

Therefore, upon the record here presented, we find no error in the court not instructing the jury in writing.

The record contains the following: "3:50 o'clock P. M. . . . the jury retire to their jury room to deliberate upon a verdict and at 5:10 o'clock P. M. of this same day the jury announce that they wish to come into the courtroom and they are conducted to the jury box whereupon the following proceedings are had: . . . The Court (to Foreman Strang): Now, Mr. Strang, are you the foreman? Foreman Strang: Yes. So far we have been unable to agree and what information we require was in case we found the defendant guilty, could we ask you— The Court (interrupting): Now don't ask me anything about punishment. Foreman Strang: We want to know if we could ask in regard to leniency? The Court: No, you have nothing to do with that. Foreman Strang: We have nothing to do with that? The Court: No sir, you went in there and promised me, and

took an oath that you would try this case solely from this evidence and the instructions of the Judge and find whether he was guilty or not guilty and that is all you have to do with. If you cannot find a verdict from that it is too bad, that's all. Foreman Strang: Well, that is all. The Court: All right, you can go back to your rooms now gentlemen.'' At 5:44 o'clock of the same day the jury returned a verdict of guilty as charged in the information, to wit, assault with a deadly weapon.

Appellant insists that the court by these remarks intimated to the jury that it should find him guilty of the offense charged, and precluded the jury from finding him guilty of the lesser offense of simple assault; and that the trial court should, in answer to the foregoing question regarding leniency, have instructed the jury that it could find the defendant guilty of an assault only and submitted a form of verdict to that effect.

The remarks did not have reference *alone* to a possible verdict of guilty. It merely called to the attention of the jury the fact that they were to try the case upon the evidence produced and the instructions of the court and find a verdict of ''guilty or not guilty''.

The remarks here complained of are of an entirely different character from those condemned in such cases as *People* v. *Kindleberger*, 100 Cal. 367 [34 Pac. 852], and *People* v. *Blackwell*, 81 Cal. App. 417, 420, 421 [253 Pac. 964], relied upon by appellant.

The court in its charge to the jury had explained to them fully the difference between an assault and an assault with a deadly weapon and the jury was at liberty to return a verdict of either assault with a deadly weapon as charged in the information or a verdict of what is generally termed ''simple assault''. The jury found him guilty of the higher offense. This verdict is amply supported by the evidence. In fact, the evidence shows without substantial conflict that appellant and the complaining witness became involved in a quarrel over a gambling debt of twenty-five cents and that the appellant deliberately stabbed and cut the complaining witness a number of times with a knife, one wound penetrating the left lung and producing great bodily injury.

From all the facts and circumstances appearing in evidence it is difficult to see how the jury would have been

warranted in convicting the appellant of assault only. If he was guilty of any offense he was at least guilty of the offense with which he was charged and convicted.

█ As a matter of convenience all possible forms of verdicts are usually prepared by the clerk and explained and given to the jury by the court, but this is not required in a criminal case. The jury has the right to prepare and present its own form of verdict and if legally sufficient must be accepted by the court.

█ Complaint is made that the trial court committed prejudicial error in rebuking the attorney for appellant during the trial, and in the presence of the jury. The remarks complained of might well have been omitted, but we are unable to say from the record what provocation prompted them or in what tone of voice they were made. They may have been mere passing remarks and not calculated to offend counsel or prejudice his client's case in the eyes of the jury. We are unable to say that any miscarriage of justice occurred by reason of any of the court's remarks. (Art. VI, sec. 4½, Const.)

In conclusion we might add that the court manifested its fairness and lack of prejudice against the defendant by imposing upon him punishment in the county jail for one year, instead of sending him to the state prison, which it might well have done under the verdict. (Sec. 245, Pen. Code.)

The judgment and the order are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.