[Crim. No. 407.   Fourth Appellate District.—September 18, 1936.]

THE PEOPLE, Respondent, v. JOHN RIDDLE, Appellant.

A. C. Finney and Ray D. Johnson for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 288 of the Penal Code and pleaded guilty. When his request for probation was denied he informed the court that he had pleaded guilty on the promise of a deputy sheriff that he would be given probation. After a change of plea, permitted by the court, he was convicted by a jury and has appealed from the judgment.

At the trial a deputy sheriff, the sheriff and the probation officer each testified that the appellant had admitted his guilt to them, respectively, telling in detail how the offense was committed, which statements closely correspond to the story

told by the prosecuting witness on the stand. While the appellant admitted many of the details connected with these three conversations he denied having told these witnesses anything as to how the offense was committed, and testified that he had admitted his guilt only on the promise of the deputy sheriff that he would be given probation. The deputy sheriff denied having made any such promise or suggestion.

The only point raised by the appellant is that the court committed prejudicial error in making certain comments to the jury. About twenty-five hours after the matter was submitted the court sent for the jurors and, in response to certain questions, the foreman informed the court that they had not reached a verdict, that they had taken numerous ballots, that the ballots had stood at 10 to 2 since the night before, that it was not desired to have any evidence read, that there was no misunderstanding with regard to the instructions, and that, in his opinion, further deliberation was useless. Thereupon the court made a statement which included the following: "The evidence has been brought here before the jurors and I feel that the evidence produced has been plain and clear. It is true, of course, that there has been some conflict in parts of the evidence, but I do not see anything in the evidence of such a nature as to make it impossible for a jury to decide' one way or the other. The Court is not attempting to tell you, or even suggest to you, how you should decide the matter, but, as I say, the evidence is plain although conflicting to some degree. It is subject to be analyzed by jurors as long as there is no misunderstanding as to what the evidence is. It seems to the Court it should be analyzed to the extent of being able to reach a decision in the case. It means considerable expense to the county. Of course, that is a secondary matter. The matter of determining the guilt or innocence of a person accused is first and paramount, but at the same time, when it comes to the matter of trying cases over more than once, and sometimes two or three times, if it becomes necessary, it means the taxpayers have that additional burden placed on them." The court then cautioned the jurors against considering any matter outside of the evidence introduced on the witness stand, and then said: "The Court feels you

should, by honest endeavor and by exerting every reasonable means within your own powers of reasoning, reach a verdict in this case if it is at all possible. I am going to have you retire again and see if you cannot come to some kind of conclusion. You will retire again.''

It is argued that the court practically told the jury that in his opinion the evidence made out a plain case against the defendant. It is further argued that the court erroneously stated that the evidence was conflicting only in part whereas there was a sharp conflict on every material fact, and that the entire statement was merely an argument for the prosecution. We are unable to agree with these contentions. The effect of the comment was merely a statement that the evidence was sufficiently plain to permit of its being analyzed in such a way as to lead to a decision one way or the other. No opinion was expressed as to the appellant's guilt or innocence and the decision of that matter was clearly left to the jury. The statement that there was some conflict in parts of the evidence was true and no attempt was made to point out how much or how little of the evidence was in conflict. While the court expressed the opinion that the evidence was sufficiently plain to enable the jury to analyze the same and come to a conclusion thereon this cannot be taken as an argument for the prosecution. The remarks complained of were not coercive in character and, in our opinion, the trial court did not abuse its discretion in urging that the jury make another attempt to analyze the evidence and arrive at some conclusion.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.