[Crim. No. 2957. Second Appellate District, Division Two.—April 20, 1937.]

THE PEOPLE, Respondent, v. LOUIS ROSEN, Appellant.

Dempster & Dempster and Ralph L. Loeb for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant appeals from a judgment of conviction of perjury after trial by jury.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

March 17, 1936, defendant, after being duly sworn to tell the truth, the whole truth, and nothing but the truth in a proceeding then pending before the superior court to show cause why he should not be punished for contempt of court for failure to comply with an order of said court directing him to pay his former wife certain sums as alimony, testified that he had purchased two rings on the instalment plan, paying $100 for both of them. At the conclusion of the hearing defendant was found guilty of contempt and appropriately punished.

Albert I. Kastle testified in the present proceeding that he had sold defendant the two rings above mentioned for the sum of $150 in cash and defendant had requested that he do him a favor, as he was having a little family trouble, by giving him a book to make it appear that he had purchased the rings on the instalment plan for $100, $10 down and $5 a month. Such a book in the handwriting of the witness had been prepared and delivered to defendant.

Defendant relies for reversal of the judgment on the following propositions:

*First: There is no substantial evidence in accordance with the requirements of section 1103a of the Penal Code to sustain the judgment.*

*Second: Defendant's testimony at the hearing of the order to show cause why he should not be punished for contempt for failure to comply with the order of the superior court was not as to a material issue in that proceeding.*

*Third: After the jury returned into open court from their deliberations and stated that they were unable to agree upon*

a verdict, prejudicial error was committed by the trial court in giving the following instruction:

"I am going to say this to the jury. The evidence that has been produced here before you jurors, I feel the evidence produced has been plain and clear. It is true, of course, there has been some conflict in the evidence, but I do not see anything in the evidence of such a nature as to make it impossible for a jury to decide one way or the other. The court is not attempting to tell you, or even suggesting to you, how you should decide the matter. But, as I say, the evidence is very plain, although conflicting. It is subject to be analyzed by the jurors so long as there is no misunderstanding as to what the evidence is. And it appears to the court that it should be analyzed to the extent of being able to reach a decision in this case. It is important, both to the People and the defendant, that a decision be reached. When a decision is not reached, and the cause terminated, it means considerable expense to the county. Of course, that is a secondary matter. The matter of determining the guilt or innocence of a person accused of crime, is first and paramount. But, at the same time, if it comes to the matter of trying cases over more than once, it means that the taxpayers have to bear that additional burden. You have no right to determine the case on surmise and suspicion. Your oath as jurors requires you to determine it solely on the evidence produced and the law as given you by the court. I feel you should, by honest endeavor, and by exerting every reasonable means within your powers of reasoning, reach a verdict in this case if it is at all possible. In that connection, I am going to have you retire again and see if you cannot come to some kind of decision and verdict."

Defendant's first proposition is untenable. Perjury must be proved by the testimony of two witnesses or of one witness and corroborating circumstances. (Sec. 1103a, Pen. Code.) In the instant case a witness testified that defendant at the hearing on the order to show cause why he should not be punished for contempt, after being duly sworn, stated that he had purchased two rings on the instalment plan, paying $100 for both of them. Another witness, Albert I. Kastle, testified that he had sold the two rings to defendant for the sum of $150 cash and had agreed at defendant's request to make it appear that the transaction was on the instalment plan at a total cost of $100.

The foregoing testimony was corroborated by reception in evidence of an account book in the handwriting of the witness Kastle purporting to show that the transaction was an instalment one with the total purchase price of $100. Further corroboration is found in the testimony of Lieutenant Hudson of the Los Angeles police department to the effect that, when arrested, defendant stated he had purchased the ring, paying $150 cash for it and that the reason he told the court at the contempt proceeding he had purchased it on the instalment plan was because his first wife had hounded him since he had married the second time and he did not want her to know that he had $150 in cash.

From the foregoing it is evident that the requirements of section 1103a of the Penal Code have been fully met.

Defendant's second proposition is likewise untenable. One of the principal issues before the court on the hearing of the order to show cause why defendant should not be punished for contempt was his ability to comply with the order theretofore made by the superior court requiring him to pay his wife a sum as alimony. It is self-evident that, if he had in his possession $150, he had greater ability to comply with the court's order than if he had only $10. The naive argument of defendant that his testimony was immaterial, since he failed to deny the allegations in the affidavit on which the order to show cause was issued, is unsound. Under section 1218 of the Code of Civil Procedure, it is provided that a judgment in a contempt proceeding must be based upon the answer and evidence taken at the hearing. The court, therefore, in compliance with this section properly received defendant's testimony on a material issue. Defendant may not escape the responsibility for his perjury by showing that there was other evidence admitted by him, which was contradictory therewith.

It is time the citizens of this state fully realized that the biblical injunction:

"Thou shalt not bear false witness against they neighbor."
—Exodus 20:16; Deuteronomy 5:20.

has been incorporated into the law of this state and that every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such

oath, states as true any material matter which he knows to be false, is guilty of perjury (sec. 118, Pen. Code), and is punishable by imprisonment in the state prison for not less than one nor more than fourteen years. (Sec. 126, Pen. Code.)

██ Defendant's final contention is also without merit. The giving of an identical instruction was approved in *People v. Riddle,* 16 Cal. App. (2d) 494 [60 Pac. (2d) 899].

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.