[Crim. No. 4541. Second Dist., Div. Two. Dec. 1, 1950.]

THE PEOPLE, Respondent, v. ALBERT K. GREEN, Appellant.

J. George Bragin for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 288 of the Penal Code after trial before a jury, and from the order denying his motion for a new trial, defendant appeals.

*Facts:* Defendant was charged with violating section 288 of the Penal Code. After evidence had been received, the cause argued and the jury instructed, it was submitted to them on April 20, 1950, at 2:40 p.m. At 4:30 p.m. of the same day, the jury not having reached a verdict, they were ordered locked up for the night. On April 21, 1950, at 9:15 a.m. they resumed their deliberations. At 11:42 a.m. they returned into open court and requested the reading of certain testimony which was finished at 2:40 p.m. At 4:25 p.m. the jury returned into open court and reported that it was unable to reach a verdict, whereupon the court made the following statement to the jury:

"Very well, you may be seated. That vote indicates to me that to date, up to this time rather, you have been unable to agree. The Court feels that the evidence that has been produced here in this trial has been plain and clear. It is true, of course, that there has been some conflict in the evidence but I do not see anything in the evidence of such nature as to make it impossible for the jury to decide one way or the other. The Court is not attempting to tell you or even suggest to you how you should decide the matter but I say the evidence is plain, although conflicting. It is subject to being analyzed by the jurors. As long as there is no conflict or misunderstanding as to what the evidence is, that has been introduced, it appears to the Court that it should be analyzed to the extent of being able to reach a decision in the case. It is of importance to both the People and the defendant that a decision be reached. When the decision is not reached and a cause terminated, it means considerable expense to the County and to the parties. Of course, this is a secondary matter. The matter of determining the guilt or innocence of the accused is of first and of paramount importance but at the same time when it comes to the matter of trying cases over more than once, it means that there is an additional burden placed upon both the People and the Defendant. The Court feels that you should by honest endeavor and by exerting every reasonable means within your power of reasoning reach a verdict in this case, if it is at all possible. I am going to have you retire again and see if you cannot come to some kind of a decision. You will retire to the jury room for further deliberations."

At 4:30 p.m. the jury resumed its deliberations and at 5:18 p.m. returned a verdict of guilty.

██ *Question: Did the trial judge err in making the statement set forth above to the jury?*

The giving of almost identical instructions to the jury was approved in *People* v. *Rosen*, 20 Cal.App.2d 445, 446 et seq. [66 P.2d 1208], and in *People* v. *Riddle*, 16 Cal.App.2d 494, 495 et seq. [60 P.2d 899].

*People* v. *Blackwell*, 81 Cal.App. 417 [253 P. 964], *People* v. *Carder*, 31 Cal.App. 355 [160 P. 686], *People* v. *Comboy*, 15 Cal.App. 97 [113 P.703], and *People* v. *Kindleberger*, 100 Cal. 367 [34 P. 852], relied on by defendant, are not here in point. These cases hold that the jury must be left free from coercion or influence of the trial judge, and that the statements of the judge in each of them erroneously indicated to the jury that the court believed defendant to be guilty. In the instant case the trial judge's statement contained no such intimation or implication. The remarks of the trial judge were not coercive in character nor did they indicate his view either as to the innocence or guilt of defendant.

Affirmed.

Moore, P. J., and Wilson, J., concurred.