[Crim. No. 3756.   First Dist., Div. Two.   June 23, 1960.]

THE PEOPLE, Respondent, v. JOE CHARLES CROSS-LAND, Appellant.

*Assigned by Chairman of Judicial Council.

Martin N. Pulich, Public Defender, John D. Nunes and Chris G. Gasparich, Assistant Public Defenders, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

DRAPER, J.—Defendant was charged with being a person convicted of felony who was in possession of a gun capable of concealment on the person (Pen. Code, § 12021). He appeals from judgment of conviction entered upon jury verdict. The sole claim of error is that the trial judge, in comments made to the jury after its deliberation had begun, unduly influenced the jury's verdict.

The jury retired at 1:50 p. m. of the second day of trial. It returned three times for reading of evidence and for further instructions. At 9:38 p. m., the court again had the jurors returned to the courtroom, and was told that they stood 10 to 2, but without any intimation as to whether the majority favored acquittal or conviction. The court, after stating that "this situation . . . sort of baffles me," said: "What's the problem? I don't want you to say who said what, but let's get at it here. If I may say, this is probably the most simple case I have ever tried in my twelve years as a Superior Court Judge, and I have heard over a thousand trials. What's the point?" After further discussion, the jury was sent back at 9:45 p m. to resume its deliberations, and returned at 10:08 p. m. with a verdict of guilty.

This case is not within the rule requiring reversal where the trial judge controls the verdict by direct expression to the jury of his view that the defendant is guilty or that his

testimony is not to be believed (*People* v. *Graham*, 156 Cal. App.2d 525 [319 P.2d 677], and cases there cited). Nor is it controlled by the proscription of insistence upon a verdict after the trial judge knows that the votes for conviction predominate (*People* v. *Baumgartner*, 166 Cal.App.2d 103 [332 P.2d 366]; *People* v. *Walker*, 93 Cal.App.2d 818 [209 P.2d 834]; *People* v. *Blackwell*, 81 Cal.App. 417 [253 P. 964]).

But we are unable to distinguish the case at bar from the decisions which hold that insistence upon further deliberation by the jury, coupled with statements that the case is clear or simple, constitutes coercion of the jury and requires reversal (*People* v. *Kindleberger*, 100 Cal. 367 [34 P. 852]; *People* v. *Crowley*, 101 Cal.App.2d 71 [224 P.2d 748]; *People* v. *Conboy*, 15 Cal.App. 97 [113 P. 703]). We are satisfied that the able and experienced trial judge did not intend such coercion. The full context of his remarks, although not here quoted at length, could well be interpreted by lawyers to mean only that he felt the case to be simple on the law. But our concern must be what the jury of laymen may have understood him to mean (*People* v. *Conboy, supra,* p. 100). The emphasis on simplicity of the case could well have been interpreted by the jurors to refer to the evidence, and thus to be an argument by the judge against the views of the two jurors in the minority.

Respondent argues that the error is not prejudicial. It is true that the case against defendant seems clear on the transcript. However, defendant did take the stand and did deny possession of the gun or any knowledge of its presence in his automobile. We note, also, that on a previous trial, the jury was unable to agree. We cannot say that a result more favorable to appellant would not have been reached in the absence of the error.

Judgment reversed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.